480 So.2d 237 (1985)
Allan PABIAN, Appellant,
v.
Paula PABIAN et al., Appellees.
No. 84-1986.
District Court of Appeal of Florida, Fourth District.
December 31, 1985.
Bennett Oppenheimer, Fort Lauderdale, for appellant.
Alan D. Methelis of Law Offices of Eric H. Golden, P.A., Fort Lauderdale, for appellee  Paula Pabian.
DOWNEY, Judge.
Allan Pabian (husband) appeals from an order of the trial court denying his exceptions to two general master's reports and adopting said reports. Essentially, the husband complains that the court erred in 1) approving the master's recommendation that the husband pay the wife's past due automobile payments and those coming due in the future; 2) in failing to grant the husband a full and adequate hearing on his exceptions; 3) in finding the husband in contempt for nonpayment of the wife's automobile payments as ordered in the final judgment of dissolution; 4) in finding the husband in contempt where there was insufficient evidence of the husband's ability to pay; and 5) in approving the master's recommendation that the husband be incarcerated for contempt where no finding was made of the husband's present ability to pay the purge amount.
Initially, we find the complaint vis-a-vis the hearing on the exceptions to the master's reports without merit. A hearing was held, it simply did not last as long as the husband desired. We further hold that the only logical interpretation of paragraph seven of the final judgment is that the trial court intended that the husband be responsible for any and all payments on the wife's automobile. In addition, it appears that the husband failed to meet his burden of proving his inability to pay.
Paragraph seven of the final judgment of March, 1984, ordered that the husband convey to the wife his interest in her automobile *238 and that he also pay all outstanding obligations thereon. On July 5, 1984, the general master filed his report finding that the husband was then in arrears in paying the automobile payments in the sum of $860.19, which the wife had been required to pay. Furthermore, the master found from the evidence that:
The Ex-Husband has the ability to comply with provisions of the Final Judgment and is refusing to do so, or, in the alternative, his inability is due to his own negligence or intentional divestiture in order to undermine the intent of the court's Final Judgment.
The master recommended that the court order the husband to pay the entire amount due on the wife's automobile by a specific date and, failing same, that he be considered for contempt sanctions.
On July 17 the master filed a report finding that the husband had failed to make the required automobile payments and recommended the husband be held in contempt for failure to pay the $860.19 due the wife for her automobile payments and that he be incarcerated on a specific date unless he purged himself by making such payment. The court approved said recommendation.
The husband contends that the court erred in holding him in contempt because such an order constitutes imprisonment for debt in violation of the Florida Constitution. We concede the validity of the principle but deny its applicability to the instant case, because of the nature of the obligation involved. If the obligation is in the nature of settlement of property rights as opposed to alimony, support or maintenance of one to whom a duty is owed, the contempt power of the court to enforce its payment cannot be invoked. State ex rel. Cahn v. Mason, 4 So.2d 255 (Fla. 1941); Schminkey v. Schminkey, 400 So.2d 121 (Fla. 4th DCA 1981); Ball v. Ball, 440 So.2d 677 (Fla. 1st DCA 1983). However, if the character of the obligation is in the nature of alimony, support or maintenance then enforcement can be effected by contempt. McCombes v. McCombes, 440 So.2d 683 (Fla. 1st DCA 1983); Halpern v. Halpern, 436 So.2d 366 (Fla. 3d DCA 1983).
In Halpern, the Third District Court of Appeal, citing Underwood v. Underwood, 64 So.2d 281 (Fla. 1953) noted that, in examining obligations to see if contempt proceedings are permitted, "the name assigned may not be conclusive of the question of the character of the obligation." The test is whether the payments involve an exchange of financial rights or obligations as opposed to payments that serve to discharge the party's duty to support the other party and the children. If the former, then the obligation is in the nature of a settlement of property rights; the latter concerns payments considered to be alimony or support, which are enforceable by contempt. 58 Fla. Bar Journal 67, The Contempt Dilemma: Support vs. Property and Third Party Debts. See also Zuccarello v. Zuccarello, 429 So.2d 68 (Fla. 3d DCA 1983); Cobb v. Cobb, 399 So.2d 479 (Fla. 1st DCA 1981). We believe that the husband's obligation to pay the wife's automobile payments is in the nature of support rather than a settlement of property rights because of the prominent role which an automobile plays in our everyday life. Like food, clothing and shelter it has become a virtual necessity and thus falls within the penumbra of support and maintenance. In view of the foregoing, we approve resort to the contempt powers of the court to enforce the payment in question.
The real problem in this case arises from the master's findings which underpin the determination that the husband was in contempt. As earlier noted herein the master made the findings that the husband had the ability to pay and refused, "or, in the alternative, his inability is due to his own negligence or intentional divestiture in order to undermine the intent of the court's *239 Final Judgment." It appears the master relied upon Faircloth v. Faircloth, 339 So.2d 650 (Fla. 1976) which indicates that either of those alternatives will support a finding of contempt and incarceration. However, in Bowen v. Bowen, 471 So.2d 1274 (Fla. 1985), the supreme court held that incarceration for civil contempt cannot be imposed absent a finding by the trial court that the contemnor has the present ability to purge himself of contempt. The court recognized that confusion concerning the requirement that a civil contemnor have the ability to purge has resulted from the dichotomy set forth in Faircloth, supra. The court specifically stated in Bowen that "[t]o the extent these statements indicate that incarceration can be imposed upon a civil contemnor who lacks the ability to pay the purge amount, we recede from this language." Id. at 1277-1278. The court further noted that, once the court finds that a civil contempt has occurred, if incarceration is deemed appropriate, the court must make a separate, affirmative finding that the contemnor possesses the present ability to comply with the purge conditions set forth in the contempt order. Id. at 1279.
In the present case the language contained in the general master's first report finding the husband in contempt is ambiguous in that it cannot be determined which prong of Faircloth he relied on. Additionally, the general master recommends incarceration in his second report without making the specific finding of the husband's present ability to pay the purge amount.
Accordingly, we affirm the orders appealed from in all respects except as to the finding that the husband should be incarcerated for contempt. This finding is reversed and the cause is remanded to the trial court with directions to determine whether the husband had the ability to pay and simply refused. If the court finds the husband had the ability and refused he may again adjudicate him in contempt. If he does not so find he should vacate the findings and adjudication of contempt and sanctions imposed.
HERSEY, C.J., and GLICKSTEIN, J., concur.