549 So.2d 1105 (1989)
Richard J. FILAN, Appellant,
v.
Mary T. FILAN, Appellee.
No. 88-2535.
District Court of Appeal of Florida, Fourth District.
September 27, 1989.
Rehearing and Rehearing Denied October 24, 1989.
Gary S. Israel, Palm Beach, for appellant.
J. Mark Maynor of Beverly & Freeman, West Palm Beach, for appellee.
Rehearing and Rehearing En Banc Denied October 24, 1989.
GUNTHER, Judge.
The husband appeals an order adjudicating him in contempt of court for failing to pay off the second mortgage on the marital home which was awarded to the wife by the final judgment of dissolution of marriage. We reverse.
The husband asserts that the trial court erred in holding him in contempt for failing to pay off the second mortgage because the obligation is in the nature of a property settlement. If an obligation is in the nature of settlement of property rights as opposed to alimony, support or maintenance of one to whom the duty is owed, the contempt power of the court cannot be invoked. Pabian v. Pabian, 480 So.2d 237 (Fla. 4th DCA 1985). According to Pabian, in examining obligations to see if contempt proceedings are permitted, the test is whether the payments involve an exchange of financial rights or obligations as opposed to payments that serve to discharge the party's duty to support the other party and the children. If the former, then the obligation is in the nature of a settlement of property rights; the latter concerns payments considered to be alimony or support, which are enforceable by contempt. Pabian, 480 So.2d at 238.
In the instant case, the husband's obligation to pay off the second mortgage on the marital home is in the nature of a settlement of property, rather than an obligation for support. Although the wife sought lump sum alimony and equitable distribution, the trial court did not award her any lump sum alimony. Instead, the trial court granted her request for equitable distribution of the marital assets. The final judgment contained the following paragraphs:
2. As equitable distribution of the marital assets the Wife is awarded the Husband's interest in the marital home (item 1 on Wife's exhibit # 2) and the Wife shall be responsible for the first mortgage on said property. The Husband shall be responsible for paying off the second mortgage on said property.
3. As further equitable distribution the Wife is awarded item 4 on Wife's exhibit # 2 (silver bars in her possession) and a judgment against the Husband in the amount of $50,000.00 for which let execution issue.

*1106 4. As equitable distribution the Husband is awarded all marital assets in paragraphs 2 & 3 of Wife's exhibit # 2.
Thus, in the context of the final judgment, the husband's obligation to pay off the second mortgage is inextricably interwoven with the equitable distribution of the marital assets.
Since the husband's obligation to pay off the second mortgage in the instant case was in the nature of settlement of property rights and not support, the contempt power of the trial court was erroneously invoked. Accordingly the trial court's order finding the husband in contempt is reversed.
REVERSED AND REMANDED.
DELL and GARRETT, JJ., concur.