593 So.2d 1120 (1992)
Ronald M. PORTER, Jr., Appellant/cross-appellee,
v.
Lillian L. PORTER, Appellee/cross-appellant.
No. 90-1808.
District Court of Appeal of Florida, Fourth District.
February 5, 1992.
Clarification Denied March 23, 1992.
*1121 Curtis L. Witters of Glickman, Witters & Marell, West Palm Beach, for appellant/cross-appellee.
Michelle Kohn Harllee and Donald J. Sasser of Donald J. Sasser, P.A., West Palm Beach, for appellee/cross-appellant.
PER CURIAM.
The trial court upheld the parties' premarital property settlement agreement but, nevertheless, awarded the wife certain property contrary to its provisions. We find no error in that portion of the judgment upholding their premarital contract, but reverse the trial court's equitable distribution deviating from the contract. Fecteau v. Southeast Bank, N.A., 585 So.2d 1005 (Fla. 4th DCA 1991); Cladis v. Cladis, 512 So.2d 271 (Fla. 4th DCA 1987).
On remand, the trial court may reconsider the alimony and child support awards to the extent that the trial court determines that its conclusions concerning need and ability to pay are collaterally altered by the changes to be made in the equitable distribution.
DOWNEY, ANSTEAD and STONE, JJ., concur.