PER CURIAM.
Appellant, former wife, seeks review of an equitable distribution of marital assets as set forth in a final judgment of dissolution.
Although the trial court properly found the enhancement, during the marriage, of the husband’s pension funds to be a marital asset it was error not to consider same when making its equitable distribution, § 61.075(5)(a), Fla.Stat. (1993); § 61.076(1), Fla.Stat. (1993); Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla.1986). The wife’s presumptive share should not have been discounted on the theory that she had not made a monetary contribution to same. Diffender-fer. Further, on remand the trial court should determine whether all of appellee’s pensions and retirement plans are subject to a qualified domestic relations order and provide accordingly.
In view of the parties’ post-nuptial agreement, in which the parties agreed that the residence owned by the wife prior to the marriage was to remain her separate property, the trial court erred in utilizing the enhanced value of that separate property when computing the distribution of the parties’ marital assets. Porter v. Porter, 593 So.2d 1120 (Fla. 4th DCA 1992); See In re Guardianship of Tanner, 564 So.2d 180 (Fla. 3d DCA 1990). On remand the value of the wife’s separate property should not be considered when computing the equitable distribution of the parties’ marital assets.
Considering the trial court s finding that the wife has a limited ability to work, the amount of rehabilitative alimony seems to be unreasonably low in comparison with her living expenses. We find error in the monthly award of rehabilitative alimony in view of the needs of the wife, and the total income of the husband. See Sinclair v. Sinclair, 594 So.2d 807 (Fla. 3d DCA 1992); Ghen v. Ghen, 575 So.2d 1342 (Fla. 4th DCA 1991). On remand the trial court should consider anew the wife’s income and needs and the husband’s ability to pay rehabilitative alimony.
Therefore, for the foregoing reasons the equitable distribution provided for in the final judgment and order on rehearing and clarification is reversed and set aside in the particulars set forth above. The matter is returned to the trial court for further proceedings consistent with this opinion. In all other respects the final judgment of dissolution and order on rehearing and clarification is affirmed.
Affirmed in part, reversed in part.
BARKDULL and GODERICH, JJ., concur.