714 So.2d 646 (1998)
Glenn E. REYES, Appellant,
v.
Nevis REYES, Appellee.
No. 97-3371.
District Court of Appeal of Florida, Fourth District.
July 29, 1998.
*647 Terry Ellen Fixel of Fixel & La Rocco, Hollywood, for appellant.
No brief filed for appellee.
PER CURIAM.
In this appeal from final judgment in a marriage dissolution case, we affirm the trial court's decision regarding child custody, but reverse and remand as to all other matters raised on appeal.
In its final judgment of dissolution of marriage the trial court ordered ultimate sale and partition of the home in which the former spouses resided. The home, which had been purchased by the husband prior to the marriage, served as the parties' and their children's residence for some years from the time of purchase before they became legally married, as well as during the marriage. We conclude the trial court erred in ordering eventual partition of the property, because there was no pleading seeking such relief nor was such request made at trial or acquiesced in. See Zeller v. Zeller, 396 So.2d 1177, 1178 (Fla. 4th DCA 1981).
On remand, because the former wife very likely acquired a marital interest in the husband's premarital property, the trial court should consider whether the mortgage was serviced with marital funds, if there were perhaps improvements made with marital funds, and whether the value of the home may have appreciated during the marriage. Section 61.075(5)(a) 2 includes under marital assets "[t]he enhancement in value and appreciation of nonmarital assets resulting either from the efforts of either party during the marriage or from the contribution to or expenditure thereon of marital funds or other forms of marital assets, or both." This statute states that in a contested dissolution action the distribution of all marital assets and liabilities whether equal or unequal shall include written findings of fact as to identification of nonmarital assets and ownership interests, identification of marital assets including the individual valuation of significant assets, and designation of which spouse is to get each asset, and additional stated elements. § 61.075(3). Such written findings are also needed if an appellate court is to carry on a meaningful review. See, e.g., Dyson v. Dyson, 597 So.2d 320, 324-25 (Fla. 1st DCA 1992).
Because the errors in the final judgment regarding transfer of title to residence and ultimate partition may have affected the other provisions in the judgment regarding the residence of appellee and the youngest child, as well as alimony and child support, we remand for reconsideration of all the awards. Inasmuch as property, alimony, child support and other economic provisions of a marriage dissolution judgment are intertwined, see, e.g., Ryland v. Ryland, 605 So.2d 138, 141 (Fla. 4th DCA 1992); Mollnow v. Mollnow, 530 So.2d 399, 401 (Fla. 1st DCA 1988), we reverse as to all such provisions and remand for revisitation by the trial court and for new determinations which are consistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART.
DELL, GUNTHER and KLEIN, JJ., concur.