736 So.2d 732 (1999)
Christopher WHELAN, Appellant,
v.
Debra WHELAN, Appellee.
No. 98-0713.
District Court of Appeal of Florida, Fourth District.
June 16, 1999.
Rehearing Denied August 4, 1999.
Craig A. Boudreau, West Palm Beach, for appellant.
Louis C. Arslanian and Joseph P. Klapholz of Joseph P. Klapholz, P.A., Hollywood, for appellee.
POLEN, J.
Christopher Whelan, the former husband, appeals a Final Judgment of Dissolution of Marriage alleging error in the identification and valuation of assets, the unequal distribution of marital assets and *733 liabilities, the finding of contempt against him, and the absence of a visitation schedule. We reverse the final judgment in part.
No court reporter was present during the dissolution trial of Christopher and Debra Whelan, and the parties have not agreed to a statement of the evidence or proceedings. Absent a trial transcript, this court may reverse only if an error of law appears on the face of the final judgment. Compton v. Compton, 701 So.2d 110, 112 (Fla. 5th DCA 1997).
The former husband's first point on appeal alleges error in the trial court's failure to clearly identify and value marital and non-marital assets in the final judgment, and its unequal distribution of marital assets and liabilities. We find no error in the trial court's finding the husband incurred "certain liabilities and debts" after the parties separated, and its conclusion that those debts were not marital property and were not chargeable to the wife. The face of the final judgment identifies those debts as financial obligations at four banks which totaled over $20,500. Absent a trial transcript, the husband has failed to establish error in the characterization of these debts as non-marital, the valuation of these debts, or the distribution of these liabilities to the former husband.
The final judgment refers to only three marital assets: the marital residence and two vehicles. The final judgment awards the husband's interest in the marital residence to the former wife without providing any valuation of this asset. Similarly, the parties' two vehicles are distributed without any valuation of these assets. As this court has held, chapter 61 requires the final judgment of dissolution contain a list of marital assets to be distributed and "an `individual valuation of significant assets.'" Singleton v. Singleton, 696 So.2d 1338 (Fla. 4th DCA 1997) (quoting § 61.075(3), Fla. Stat. (1995)). Written findings are necessary for an appellate court to conduct a meaningful review of the final judgment. Reyes v. Reyes, 714 So.2d 646, 647 (Fla. 4th DCA 1998). Even when no trial transcript is provided to the reviewing court, "[f]ailure to make sufficient findings regarding value of property and identification of marital assets and debts constitutes reversible error and requires remand for appropriate findings to be made." Holmes v. Holmes, 709 So.2d 166, 168 (Fla. 5th DCA 1998). Therefore, we reverse the final judgment as to the distribution of marital assets and remand for valuation and distribution of those assets.[1] We are unable to speculate regarding what appears to be an unequal distribution of marital assets, and note that if, on remand, the trial court decides to make an unequal distribution, the court should make findings which support its conclusion. See § 61.075(1), Fla. Stat. (1997).
The former husband's second point on appeal alleges error in the trial court's finding him in contempt for failure to discharge debts to a third party bank. The trial court found the former husband in contempt for his failure to abide by the court's previous order requiring him to make payment to Great Western Bank on a timely monthly basis. The court also determined the Great Western debt was a non-marital debt for which the former husband was solely responsible. The former husband's payment of the non-marital debt in this case is in the nature of settlement of property rights rather than alimony, support, or maintenance of the former wife. "If an obligation is in the nature of settlement of property rights as opposed to alimony, support or maintenance of one to whom the duty is owed, the contempt power of the court cannot be invoked." Filan v. Filan, 549 So.2d 1105 (Fla. 4th DCA 1989) (citing Pabian v. Pabian, 480 So.2d 237 (Fla. 4th DCA 1985)). The enforcement *734 through contempt of debts not involving support violates Article I, section 11 of the Florida Constitution, the provision prohibiting imprisonment for debt. Schminkey v. Schminkey, 400 So.2d 121, 122 (Fla. 4th DCA 1981). We can envision certain circumstances where a former spouse's payment of credit debts or other debts may be in the nature of support, such that payment of those debts may be enforced through contempt. However, this is not such a case. Therefore, the finding of contempt is reversed.
Finally, the former wife concedes the trial court erred in failing to address the issue of the former husband's contact and access (visitation) with the parties' two-year-old daughter. On remand, the issue of the former husband's contact and access with his daughter must be addressed.
The final judgment is reversed as to the distribution of marital assets and the finding of contempt, and remanded for findings regarding the value of marital assets and equitable distribution of those assets, as well as provision for visitation.
REVERSED and REMANDED.
DELL and STEVENSON, JJ., concur.
NOTES
[1] Neither party contends there was an absence of evidence presented to the trial court concerning the values of these marital assets.