DELL, J.
These consolidated appeals arise out of three contempt orders against appellant, Joseph Vetrick.[2] Appellant raises three points on appeal, two of which we affirm without discussion. However, we will address appellant’s argument that the trial *1129 court erred when it denied his motion to strike contempt as an unconstitutional remedy.
The parties’ marriage was dissolved more than twenty years ago on May 24, 1978.[3] The trial court in its final judgment of dissolution stated that “neither party [was] entitled to alimony either rehabilitative, lump sum or permanent.” On October 4, 1983, the trial court granted appel-lee’s motion for assessment of costs and damages arising out of appellant’s failure to comply with the court’s prior order to execute documents related to the marital home. The “final judgment” ordered appellant to pay appellee $6,190.37, her “costs and damages,” and her attorney, James P. O’Flarity, $2,285.78, the balance remaining for his attorney’s fees after disbursing funds held in the court registry.
On November 18, 1983, appellant filed an appeal (case no. 83-2505) from the trial court’s final judgment and the order denying his motion for rehearing. While that appeal' was pending, the trial court, on May 31, 1984, found appellant guilty of contempt because he failed to pay the sums required by the 1983 judgment. In response, appellant filed a motion to amend his notice of appeal to include the contempt order. This court granted ap-pellee’s motion to strike and dismiss appellant’s amended notice of appeal and affirmed the October 4, 1983 judgment without opinion.
On January 9, 1985, following this court’s decision in case no. 83-2505, the trial court again placed appellant in contempt because he failed to comply with the judgment directing payment to appellee and her attorney. He appealed from this order in case no. 85-327. This court granted appellee’s motion to dismiss the appeal.
Of the appeals that followed, two concerned contempt orders against appellant. In case no. 90-1915, he appealed a civil contempt order, originating from the 1983 “final judgment,” for his failure to pay appellee her accumulated costs and damages then amounting to more than $9,000.00 and Mr. O’Flarity his attorney’s fees of more than $50,000.00. The trial court found him in contempt and set a purge amount of $100.00 per month. This court affirmed with Judge Letts dissenting. Subsequently, the trial court denied appellee’s motion to place appellant in civil and criminal contempt. In case no. 95-3561, this court reversed for further proceedings on civil contempt, but held that appellee had waived her motion for criminal contempt at the hearing below.
The instant appeal concerns three contempt orders dated April 21, April 29, and October 21, 1997. On April 21, 1997, the trial court found appellant guilty of contempt for failing to pay the then accumulated balances of $10,618.60 to appellee and $79,121.31 to Mr. O’Flarity. ■ The trial court concluded that appellant had the ability to pay a purge amount of $700.00 a month, and ordered him incarcerated until he made the first payment. Appellant was also subject to future confinement if he failed to pay $700.00 within five days of the first day of each subsequent month, until both appellee and her attorney were paid in full. On April 29, 1997, the trial court issued an order adding the requirement that appellant make the $700.00 monthly payments directly to Mr. O’Flarity.
On October 6, 1997, appellant filed a “motion to strike contempt proceedings and for other relief.” Appellant argued that the money owed pursuant to the 1983 judgment was a debt not subject to contempt and imprisonment under the Florida Constitution. Appellant’s motion was apparently precipitated by three motions for commitment filed on July 25, August 25 and September 18, 1997. The motions *1130 referred to the April 21 and April 29, 1997 orders. Appellant argued that the 1983 awards were not in the nature of alimony, support, or attorney’s fees incidental thereto and therefore he was not subject to imprisonment for violation of the judgment. Appellant sought to have the finding of contempt and the provision for imprisonment stricken from the previous orders.
Appellee maintained that these arguments had been made in the past and that the question was not whether the judgment was for alimony and child support but whether appellant’s failure to comply with the judgment was subject to contempt. It appears from the record that at the time of the October hearing, appellant’s payments pursuant to the April 1997 orders were current but incorrectly made to appellee, rather than to her attorney. On October 21, 1997, the trial court entered an order captioned, “Order Denying Commitment and Striking Contempt Enforcement.” The order denied the “motion for contempt/commitment” and directed all future and past checks to be made payable to Mr. O’Flarity. The order did not, however, address appellant’s motion and argument that the 1983 awards were not subject to enforcement by contempt and imprisonment.
Appellant argues that the trial court’s finding of contempt and provision for confinement in the April 21 and April .29,1997 orders violate Article 1, Section 11 of the Florida Constitution. Article 1, Section 11 provides: “No person shall be imprisoned for debt, except in cases of fraud.” He argues that the debts owed pursuant to the 1983 judgment do not fall into the narrow exceptions of alimony, child support, or attorney’s fees incidental thereto. He asserts that the trial court expressly found in the final judgment of dissolution, that neither party was entitled to rehabilitative, lump sum or permanent alimony. Moreover, child support was not an issue as there were no children from this marriage. It also appears from the colloquy at the 1997 hearing that appellee did not argue the 1983 judgment was for alimony. Appellee, however, maintained that the 1983 judgment was enforceable by contempt. Appellant asserted that the judgment awarded damages and constituted a debt not enforceable by contempt and imprisonment.
• In Whelan v. Whelan, 736 So.2d 732, 24 Fla. L. Weekly D1390 (Fla. 4th DCA 1999), this court reversed an order finding a former husband in contempt for his failure to abide by the court’s previous order requiring him to make payments to Great Western Bank. In Whelan, this court concluded:
The former husband’s payment of the non-marital debt in this case is in the nature of settlement of property rights rather than alimony, support, or maintenance of the former wife, “If an obligation is in the nature of settlement of property rights as opposed to alimony, support or maintenance of the one to whom the duty is owed, the contempt power of the court cannot be invoked.” Filan v. Filan, 549 So.2d 1105 (Fla. 4th DCA 1989)(citing Pabian v. Pabian, 480 So.2d 237 (Fla. 4th DCA 1985)). The enforcement through contempt of debts not involving support violates Article I, section 11 of the Florida Constitution, the provision prohibiting imprisonment for debt. Schminkey v. Schminkey, 400 So.2d 121, 122 (Fla. 4th DCA 1981).
Id. at 733-34. The record furnished in this appeal supports appellant’s argument that the 1983 judgment awarding appellee “costs and damages” and her attorney his attorney’s fees constitutes an award of damages and a debt not enforceable by contempt and imprisonment.
However, appellee contends that waiver and res judicata bar appellant’s constitutional argument. She argues that appellant should have raised these arguments in the trial court long before the proceedings giving rise to this appeal. She claims that in failing to do so, he has now “waived” the argument.
*1131 The Declaration of Rights under Article 1 of the Florida Constitution establishes certain fundamental rights. It guarantees freedom from imprisonment for a debt, except in cases of fraud. A failure to timely raise a fundamental right does not, in and of itself, serve as a waiver of the claim. See State v. Johnson, 483 So.2d 420, 422-23 (Fla.1986)(and cases cited therein). “An effective waiver of a constitutional right must be voluntary, knowing, and intelligent.” See Williams v. State, 736 So.2d 699, 704, 24 Fla. L. Weekly D949, D951 (Fla. 4th DCA 1999)(citing Tucker v. State, 559 So.2d 218, 219 (Fla.1990)). Since the entry of the 1983 judgment, appellee has acted pro se and has also been represented by counsel in many of the proceedings that followed. The issue of waiver cannot be determined from this record. Therefore, an evidentiary hearing is needed to determine whether waiver applies and, if so, whether appellant made an intentional, voluntary, knowing and intelligent waiver of his right to not be imprisoned for a debt. See Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).
Appellee further argues that res judicata bars appellant’s attempt to challenge the use of contempt because the trial court previously ruled that the fee awards were enforceable by contempt, implicitly finding that the awards were in the nature of support. The record is not clear whether appellant raised the argument in the trial court or that this court addressed the constitutionality of his commitment for contempt. Appellant stated in a notice of correction of oral argument that he made the constitutional argument in a brief filed in case no. 83-2505. We have noted that in case no. 83-2505 this court denied appellant’s motion to file an amended notice of appeal to include the contempt order. Because this case has involved so many proceedings in the trial court and in this court, an evidentiary hearing is required to determine whether the doctrine of res judicata applies or should be applied to appellant’s motion to strike contempt proceedings and for other relief. See Universal Const. Co. v. City of Fort Lauderdale, 68 So.2d 366, 369 (Fla.1953); Flesche v. Interstate Warehouse, 411 So.2d 919, 924 (Fla. 1st DCA 1982).
Accordingly, we affirm that part of the October 21, 1997 order that denied appellant’s motion for contempt/commitment. We remand this matter to the trial court to conduct an evidentiary hearing to determine whether appellant waived or is barred by the doctrine of res judicata from asserting his motion to strike contempt enforcement of the 1983 judgment and his right not to be imprisoned pursuant to Article 1, Section 11 of the Florida Constitution. We also reverse the April 21 and April 29, 1997 orders and remand for reconsideration and for such further proceedings as may be consistent herewith.
AFFIRMED in part, REVERSED in part, and REMANDED.
POLEN and STEVENSON, JJ., concur.

. Appellee’s notice of cross-appeal is deemed • abandoned since appellee failed to raise the cross-appeal in her brief.

. The parties have appealed this case on numerous occasions. The following case numbers are the appeals previously before this court: 78-2649, 79-548, 79-798, 79-1456, 79-2368, 80-2085, 83-2505, 85-140, 85-327, 85-1469, 85-2520, 89-1904, 89-2958, 90-1915, 95-3561.