910 So.2d 892 (2005)
LEE MEMORIAL HEALTH SYSTEM; Cape Memorial Hospital, Inc.; Healthpark Care Center Inc.; Lee Memorial Rehabilitation Hospital; and Cypress Cove at Healthpark Florida, Inc., Petitioners,
v.
STATE of Florida, AGENCY FOR HEALTH CARE ADMINISTRATION; and Select Specialty Hospital-Lee, Inc., Respondents.
No. 1D05-2497.
District Court of Appeal of Florida, First District.
September 2, 2005.
W. David Watkins, and Karl David Acuff of Watkins & Caleen, P.A., Tallahassee, for petitioners.
Mark A. Emanuele of Panza, Maurer & Maynard, P.A., Fort Lauderdale, for respondent Select Specialty Hospital.
PER CURIAM.
Petitioners seek review of an order denying their motion to disqualify an administrative law judge (ALJ). They also seek certiorari review of an order denying their motion to vacate the recommended order. We grant both petitions.
Respondent, Select Specialty Hospital (Select), submitted an application for a certificate of need to construct a new hospital. When the Agency for Health Care Administration (agency) denied the application, Select challenged the denial in a formal administrative proceeding. Petitioners intervened in the proceeding and opposed the construction of the new hospital. In April 2005, the ALJ issued a recommended order that the agency approve the application. Petitioners moved to disqualify the ALJ after the entry of the recommended order and asked the agency to send the case back to the Division of Administrative Hearings (DOAH) for consideration of the motion to disqualify as well as a motion to *893 vacate the recommended order. The agency remanded the case to DOAH.
In their motion to disqualify, petitioners asserted that after the formal hearing but before the entry of the recommended order, the ALJ was retained to act as a lobbyist for Tenet, a non-party to the instant action. The attorney general had filed in federal court a RICO suit against Tenet in which petitioners were also a party plaintiff. The ALJ was engaged as a lobbyist for Tenet for approximately two months before entry of the recommended order. Petitioners argued that they had a reasonable fear that the ALJ was not impartial and was biased against them when the recommended order was entered.
The ALJ denied the motion to disqualify. In the order denying the motion, the ALJ stated that he had resigned from DOAH in early January 2005, to be effective later that month. The ALJ agreed to complete the balance of any outstanding case related work. He was retained by Tenet in March 2005, to monitor proposed legislation during the legislative session and did not serve as legal counsel to Tenet. The ALJ specifically stated that he was not and had never been affiliated with any firm involved in the federal lawsuit filed against Tenet, had not read the complaint and was not even aware that petitioners were parties to the federal case at the time the recommended order was issued. The ALJ further stated that he "provided each party with cold neutrality in a fair and impartial determination." Therefore, the ALJ found that the motion to disqualify and vacate the recommended order lacked merit.
Generally, prohibition is not available to revoke an order already entered. See Sparkman v. McClure, 498 So.2d 892 (Fla.1986). However, under the instant circumstances, the proceedings below have not been completed. No final order has been entered in the instant actions. Therefore, the writ of prohibition is available.
Courts have repeatedly held that a judge who is presented with a motion for disqualification "shall not pass on the truth of the facts alleged nor adjudicate the question of disqualification." Bundy v. Rudd, 366 So.2d 440, 442 (Fla.1978); Dep't of Agric. and Consumer Servs. v. Broward County, 810 So.2d 1056, 1059 (Fla. 1st DCA 2002); J & J Indus., Inc. v. Carpet Showcase of Tampa Bay, Inc., 723 So.2d 281 (Fla. 2d DCA 1998). When a judge has looked beyond the mere legal sufficiency of a motion to disqualify on the basis of prejudice and bias and attempted to refute such charges, he has exceeded the proper scope of his inquiry. Bundy, 366 So.2d at 442. This basis alone establishes grounds for disqualification. Id.
In the order denying the motion to disqualify, the ALJ did not merely find the motion to disqualify legally insufficient. The ALJ specifically stated that the motion "lacks merit." The ALJ also specifically refuted petitioner's contention that there was bias on the ALJ's part in connection with Tenet and the federal lawsuit. The ALJ looked beyond the mere legal sufficiency of the motion and refuted the charges of partiality. Thus, this basis alone establishes grounds for disqualification. Accordingly, we grant the petition for writ of prohibition and the petition for writ of certiorari. We vacate the order denying the motions to disqualify and to vacate the recommended order.
PETITION GRANTED AND ORDER VACATED.
ALLEN, LEWIS and HAWKES, JJ., concur.