914 So.2d 26 (2005)
William Mark REED, Appellant,
v.
Marsha REED, Appellee.
No. 4D04-3741.
District Court of Appeal of Florida, Fourth District.
September 28, 2005.
Rehearing Denied November 22, 2005.
*27 William Mark Reed, Pompano Beach, pro se.
Diane H. Tutt of Diane H. Tutt, P.A., Davie, for appellee.
STEVENSON, C.J.
In Reed v. Reed, 857 So.2d 936 (Fla. 4th DCA 2003), this court reversed an award of $4,000 in attorney's fees to the former wife, Marsha Reed, and remanded the case to the trial court for an evidentiary hearing. Following the hearing, the trial court ordered the former husband, William Reed, to pay the former wife's attorneys' fees, ratified the general master's report, and denied the former husband's exceptions to the report. The former husband timely appealed. We reverse the final order in part.
No court reporter was present during the hearing and neither party has submitted an approved statement of evidence. Nevertheless, appellate review is not precluded when an error of law appears on the face of the order being appealed. See Dorsett v. Dorsett, 902 So.2d 947, 950 (Fla. 4th DCA 2005). The trial judge's order upon report of the general master adopted the general master's opinion that the "obligations that are represented by [the] final judgment continue to have the same character of being in the nature of support as they carried with them when established by the final judgment." According to the general master's report, the former husband owed $20,514 towards the first mortgage on the former marital home, $38,124.64 towards the second mortgage, and $20,199.14 towards the third mortgage. We have consistently held that a former spouse's obligation to make mortgage payments is in the nature of a settlement of property rights, rather than an obligation for support. See Filan v. Filan, 549 So.2d 1105 (Fla. 4th DCA 1989) (holding that because the former husband's obligation to pay off a mortgage was in the nature of settlement of property rights and not support, the contempt power of the trial court was erroneously invoked); Mandy v. Williams, 492 So.2d 759, 760 (Fla. 4th DCA 1986) (holding that a trial court lacks the authority to modify mortgage payments required by a final judgment because they are property rights). We therefore reverse the trial court's order upon report of the general master to the extent that the mortgage payments are classified as support.
We have considered the other arguments on appeal and find no error. Therefore, we affirm in part, reverse in part and remand with directions to clarify that the amounts owed in mortgage payments are enforceable as part of a marital settlement agreement instead of "being in the nature of support."
Affirmed in part, Reversed in part and Remanded.
POLEN, J., and CROW, DAVID F., Associate Judge, concur.