SHAHOOD, J.
This is an appeal by former husband, Timothy St.' Fleur, from a Final Judgment of Dissolution of Marriage. We affirm in part, reverse in part, and remand for fur *735 ther proceedings consistent with this opinion.
In December 2003, appellee, Olive Schavon St. Fleur, the wife, filed a Petition for Support Unconnected with Dissolution of Marriage with Dependent or Minor Children. She alleged that the parties were married on March 10, 1999 and separated on July 21, 2003. They had two minor children who were three and one at the time of the filing of the petition. The wife sought alimony and child support. The husband answered the petition and filed a counter-petition for dissolution of marriage.
In her financial affidavit, the wife, a nurse, stated that she earned a monthly gross income of $1,680. A subsequent financial affidavit filed one year later stated a gross monthly income of $3,360.
The parties entered into a Mediation Agreement wherein they agreed that the parties would have shared parental responsibility of the minor children, but the wife would be the primary residential parent. In the mediation agreement, the wife acknowledged that the father was unable to drive at that time due to a physical disability. In calculating support for the children, the parties used the husband’s monthly disability income of $1,440 and the wife’s net earned monthly income of $3,460. As a result, the wife’s support obligation was calculated to be $1,086.30 and the husband’s was calculated to be $443.70.
Prior to a final hearing, the husband filed a motion to recuse Judge Korda. He asserted that Judge Korda was not impartial and the husband feared he would not receive a fair trial because the judge was “buddy buddy” with the wife’s attorney. The husband explained that the wife had failed to appear for a hearing and the judge rescheduled without even a reprimand to the wife. On a subsequent occasion, however, the husband and his attorney failed to appear for a hearing because they had not received notice. The judge called the husband on his cell phone and yelled at him and told him that the hearing would go on without him and attempted to have the clerk swear in the husband over the phone. The court denied the motion for recusal.
By the time of the hearing, the husband was working and the parties were incurring daycare expenses for the younger child in addition to the older child. The wife sought to modify the agreement based on the changed circumstances. Specifically, the wife asked the court to change the visitation schedule and the support obligations.
The daycare cost for one child was $70 per week or $303.10 per month and for the other was $75 per week or $325.75 per month. The older child would be starting school in the coming school year, so daycare would no longer be required.
At the hearing, the wife stated that her net monthly income was $2,206 and that the income she listed in the mediation agreement included overtime. The wife produced her paystub to the court, which showed a net monthly income of $2,206. She testified that her hourly rate had not changed and, when the court asked whethT er she was still working the same kind of overtime she used to work, she answered that now she works overtime only on Sundays. She stated that in a week, she averages eight to sixteen hours of overtime, depending on whether school is in session. She agreed that ten hours of overtime would be a good estimate.
As his first issue on appeal, appellant urges that the trial court erred in denying his motion for disqualification of trial judge. When presented with a motion to disqualify, a judge must look only to the *736 legal sufficiency of the motion and not pass on the truth of the facts alleged. Lee Mem’l Health Sys. v. State, Agency for Health Care Admin., 910 So.2d 892 (Fla. 1st DCA 2005).
The judge’s behavior in this case is similar to that in Strasser v. Yalamanchi, 783 So.2d 1087 (Fla. 4th DCA 2001), where the trial judge merely vented his anger at the defendant for having destroyed certain documents and chastised and fined him for doing so. This court held that such gratuitous comments did not warrant disqualification. Id. at 1091; see also Ennis v. Ennis, 855 So.2d 229 (Fla. 5th DCA 2003) (where trial judge expressed frustration with wife’s and counsel’s non-appearance at a hearing due to a conflict in federal court and wife moved for disqualification of judge based on certain comments, it was held that “not all comments in the nature of vented frustration require disqualification”).
In this case, based on the record before us, we hold that the trial court looked only to the legal sufficiency of the motion and did not pass on the truth of the facts alleged. We, therefore, affirm as to this issue
Appellant next argues that the trial court erred by: (A) making findings as to the wife’s income without sufficient evidence; (B) failing to impute income to the wife; (C) making miscalculations as to the child support that should be paid pursuant to the child support guidelines; and (D) including “marital debt” in the monthly child support obligation payable through the support enforcement division. We affirm as to all of these issues without further discussion except issue (D) which we reverse and remand to the trial court to enter an amended final judgment based on the following.
The court equally divided the parties’ credit card and medical debt, requiring each to pay $2,462. The court directed that payment be made by the husband “as set forth herein above.” The payment plan ordered by the court was the following:
5. The Husband shall pay to the Wife as child support for the two minor [children] as follows:
$900 per month, beginning on the 1st day of January, 2005 and continuing on the first day of each month thereafter for the next forty (40) consecutive months (to represent $838.00 Child Support, one month of arrearage of $838.00 and one half of his obligation of the marital debt in his proportionate sum of $1624.00 totaling $2462.00 over and above his support obligation.)
After the husband had paid his share of the marital debt in this manner, his monthly payment would be reduced to the child support obligation of $838.00. The court further directed that child support payments be made to the Support Enforcement Division (SED).
The husband complains that the marital debt was “improperly made a child support arrearage payable through the Support Enforcement Division of the Court.” He argues, and we agree, that payment of the marital debt is a settlement of property and not an obligation for support. See generally Whelan v. Whelan, 736 So.2d 732 (Fla. 4th DCA 1999); Filan v. Filan, 549 So.2d 1105 (Fla. 4th DCA 1989) (contempt power of court may not be invoked if an obligation is in the nature of property settlement and not support). Although the final judgment does not classify the marital debt payments . as support, the method of payment ordered by the court suggests that the payments are to be treated in the same manner. We accordingly reverse that portion of the final judg *737 ment and remand to the trial court to enter an amended final judgment clarifying that child support should be paid through SED and appellant’s marital debt be paid directly to appellee. See generally Reed v. Reed, 914 So.2d 26 (Fla. 4th DCA 2005) (reversing and remanding for trial court to clarify that amounts owed for mortgage payments are not support obligations).
As his final point on appeal appellant urges reversal arguing that the trial court erred in ordering the husband to pay a portion of the wife’s attorney’s fees. He argues that the evidence was insufficient and the final judgment included findings that the parties earned the same amount of income and/or the wife actually earned more and had the greater ability to pay her own attorney’s fees and costs.
In considering a request for attorney’s fees in a dissolution proceeding, the trial court must make findings as to the requesting party’s need and the other party’s ability to pay. See DeLillo v. DeLillo, 848 So.2d 454 (Fla. 4th DCA 2003). In addition, the court must make findings as to the reasonable hourly rate and number of hours reasonably expended. Id. at 455. In this case, the trial court did neither, yet ordered the husband to pay twenty-five percent of the wife’s attorney’s fees.
The record before us does not support a finding that the appellant has the ability to pay even a portion of the appel-lee’s attorney’s fees. The parties had no assets to speak of. At the time of the hearing, the appellant had just returned to work after having been on disability due to an injury at work. There were no investment or savings accounts and the court found that the parties’ income was equal. Under these circumstances, the court erred in finding that the appellant has the ability to pay even a portion of the appel-lee’s fees.
Accordingly, we vacate that portion of the final judgment ordering the appellant to pay twenty-five percent of the appellee’s attorney’s fees.

Affirmed in part, Reversed in part, and Remanded.

POLEN and TAYLOR, JJ., concur.