STEVENSON, J.
This appeal stems from entry of a final judgment of dissolution of marriage between the appellant, former husband, and the appellee, former wife. Subsequent to entry of the final judgment, former wife filed a motion for civil contempt, alleging that former husband failed to make child support payments, alimony payments and an equitable distribution payment, as required by the final judgment. Because the order fails to comply with Florida Family Law Rule of Procedure 12.615(d)(1) and improperly holds former husband in contempt for non-payment of an equitable distribution payment, we reverse.
The trial court’s order granting former wife’s motion for contempt recites only the following findings and conclusions:
1. The Former Husband failed to make an equitable distribution payment of $61,158.00 to the Former Wife;
2. The Former Husband failed to pay alimony in the sum of $2500.00 per month to the Former Wife;
3. The Former Husband failed to pay child support in the amount of $771.00 per month to the Former Wife. Thereupon it is
ORDERED AND ADJUDGED as follows:
A. The equitable distribution payment of $61,158.00 shall be paid to the Former Wife no later than July 8, 2011;
B. The child support arrearage and alimony arrearage in the amount of $25,146.00 as of June 14, 2011 shall be paid to the Former Wife by July 8, 2011.
C. If the above amounts are not made by July 8, 2011, a Rule to Show Cause Order will be issued by this Court which will result in further penalty including, *458 but not limited to, incarceration in the Palm Beach County Jail.
Rule 12.615(d)(1) provides that:
An order finding the alleged contemnor to be in contempt shall contain a finding that a prior order of support was entered, that the alleged contemnor has failed to pay part or all of the support ordered, that the alleged contemnor had the present ability to pay support, and that the alleged contemnor willfully failed to comply with the prior court order. The order shall contain a recital of the facts on which these findings are based.
The trial court failed to make the findings that former husband had the present ability to pay and that he willfully failed to comply with the final judgment. This is grounds for reversal. See, e.g., Orsini v. Orsini, 909 So.2d 558, 560 (Fla. 4th DCA 2005) (reversing and remanding order finding former husband in contempt because order contained no finding that former husband possessed ability to pay ordered monthly arrearages). Further, the trial court could not use its contempt power to enforce the equitable distribution provision of the final judgment. See Whelan v. Whelan, 736 So.2d 732, 733 (Fla. 4th DCA 1999) (“ ‘If an obligation is in the nature of settlement of property rights as opposed to alimony, support or maintenance of one to whom the duty is owed, the contempt power of the court cannot be invoked.’ ”) (quoting Filan v. Filan, 549 So.2d 1105 (Fla. 4th DCA 1989)). Thus, the trial court’s order is reversed.

Reversed.

CIKLIN, J., and WALSH, LISA S., Associate Judge, concur.