IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CLINT STEVEN BROWN,

   Appellant,

 v.               Case No.  5D16-737

ANGELA BROWN,

   Appellee.

_____/

Opinion filed February 24, 2017

Appeal from the Circuit Court
for Seminole County,
Melanie Chase, Judge.

Jamie Billotte Moses, of Holland & Knight
LLP, Orlando, for Appellant.

Angela Brown, Lake Mary, pro se.

WALLIS, J.

  Clint Steven Brown ("Former Husband") appeals the trial court's order of indirect

civil contempt for failure to pay alimony to Angela Sue Brown ("Former Wife"). Florida

Family Law Rule of Procedure 12.615(d)(1) provides:

> An order finding the alleged contemnor to be in contempt shall
> contain a finding that a prior order of support was entered, that
> the alleged contemnor has failed to pay part or all of the
> support ordered, that the alleged contemnor had the present
> ability to pay support, and that the alleged contemnor willfully
> failed to comply with the prior court order. The order shall

> contain a recital of the facts on which these findings are based.

(emphasis added). Here, despite including general findings regarding Former Husband's finances, the trial court failed to expressly find that he had the present ability to pay support. The absence of such a finding warrants reversal "for the limited purpose of allowing the trial court to enter an order in compliance with rule 12.615(d)(1)." Trisotto v. Trisotto, 966 So. 2d 986, 988 (Fla. 5th DCA 2007); accord Holtz v. Holtz, 95 So. 3d 457, 458 (Fla. 4th DCA 2012). Thus, we reverse and remand for entry of a compliant order.

REVERSED and REMANDED with Instructions.

SAWAYA and BERGER, JJ., concur.