NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STEVEN PARMLEY,        )
                                    )
        Appellant,      )
                                    )
v.                             )    Case No. 2D17-994
                                    )
DEPARTMENT OF CHILDREN  )
AND FAMILIES,          )
                                    )
        Appellee.       )
_____)

Opinion filed August 22, 2018.

Appeal from the Department of
Children and Families.

Steven Parmley, pro se.

Alicia Victoria Gonzalez, Tampa, for
Appellee.

ROTHSTEIN-YOUAKIM, Judge.

After an evidentiary hearing, a hearing officer appointed by the

Department of Children and Families (DCF) Office of Appeal Hearings denied Steven

Parmley's administrative appeal of DCF's purported failure to act on his request for food

assistance program benefits. See §§ 120.80(7), 409.285(1), Fla. Stat. (2017); Fla.

Admin. Code. R. 65-2.042-.069. Parmley now appeals DCF's final administrative

decision. Specifically, he challenges the hearing officer's written, nonfinal order─which

she had entered before the evidentiary hearing—denying his motion to disqualify her from further participation in the proceeding.

Upon de novo review, see Dep't of Agric. & Consumer Servs. v. Broward County, 810 So. 2d 1056, 1058 (Fla. 1st DCA 2002); see also Fla. R. App. P. 9.110(h), 9.190(a), we agree with Parmley's argument that the hearing officer erred by not merely evaluating the legal sufficiency of the motion but by also disputing his factual allegations in her written order, thereby placing herself in an adversarial position with him before the hearing at which she would be required to resolve disputed issues of material fact, see Fla. Admin. Code. R. 65-2.056, .057, .060(1), .066; Lee Mem'l Health Sys. v. Agency for Health Care Admin., 910 So. 2d 892, 893 (Fla. 1st DCA 2005) (citing Bundy v. Rudd, 366 So. 2d 440, 442 (Fla. 1978)); World Transp., Inc. v. Cent. Fla. Reg'l Transp., 641 So. 2d 913, 914 (Fla. 5th DCA 1994) (explaining that the hearing officer's attempt to refute the movant's factual allegations in support of its claim of partiality constituted additional grounds for disqualification); see also Cherry Commc'ns, Inc. v. Deason, 652 So. 2d 803, 804 (Fla. 1995) ("[W]e have held that the 'administrative context does not and need not match the judicial model,' but that an ' "impartial decision-maker is a basic constituent of minimum due process." ' " (quoting Ridgewood Props., Inc. v. Dep't of Cmty. Affairs, 562 So. 2d 322, 323 (Fla. 1990))). Therefore, we reverse the final administrative decision and remand for a new hearing for which DCF's Office of Appeal Hearings shall appoint a new hearing officer.

Reversed; remanded with directions.

CRENSHAW, J., and GENTILE, GEOFFREY H., ASSOCIATE JUDGE, Concur.