DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CARLINE CLERGE LEGER,**
Appellant,

v.

**JAMES LEGER,**
Appellee.

No. 4D22-1669

[April 12, 2023]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen M. Miller, Judge; L.T. Case No. 502019DR002288XXXXNB.

Chadwick M. Layton of Mindful Divorce, P.A., Palm Beach, for appellant.

Craig J. Trocino, Coral Gables, for appellee.

KUNTZ, J.

The former wife appeals the trial court's final judgment of dissolution of marriage. She raises three issues on appeal. We affirm the final judgment but write to briefly address one issue. On that issue, we affirm but remand to allow the trial court to add that the judgment must be carried out "in accordance with all federal laws and regulations."

At issue is the distribution of radio stations and related assets belonging to the parties. The parties do not dispute that the radio stations and the related assets are marital property subject to equitable distribution. Based on testimony at trial, the trial court found the former husband created and managed the radio stations. The trial court also found that the parties agreed to put the radio stations' broadcast licenses in the former wife's name because the former husband is not a United States citizen, and the licenses cannot be held in a noncitizen's name. The trial court then awarded the former husband the radio stations and related assets. The trial court ordered the former wife to "transfer" the radio stations and related assets to the former husband within ten days.

The former wife argues that Federal Communications Commission regulations prohibit the transfer of the radio stations' broadcast licenses without FCC approval. She also argues that the former husband is not allowed to own the radio stations because he is not a citizen.

We affirm the trial court's distribution of the marital assets. "A state court does . . . have the power to adjudicate issues involving FCC licenses as long as the state court does not affirmatively interfere with the authority of the FCC to authorize the transfer, assignment or other disposition of licenses." *In re Marriage of Hunt*, 933 S.W.2d 437, 445 (Mo. Ct. App. 1996) (citing *Themy v. Seagull Enters., Inc.*, 595 P.2d 526, 530 (Utah 1979)).

But the trial court ordered the former wife to "transfer all rights, title, ownership, interest, assets, financial accounts and the like in [the radio stations]" to the former husband without conditioning the transfer on the compliance with federal laws and regulations. The Federal Communications Act controls the transfer of a radio station license and specifically requires FCC approval. 47 U.S.C. § 310(d) (2022). The trial court exceeded its authority when it ordered the immediate transfer of the radio stations' licenses without conditioning the transfer on the compliance with federal laws and regulations. *See Radio Station WOW v. Johnson*, 326 U.S. 120, 132 (1945) ("We think that State power is amply respected if it is qualified merely to the extent of requiring it to withhold execution of that portion of its decree requiring retransfer of the physical properties until steps are ordered to be taken, with all deliberate speed, to enable the Commission to deal with new applications in connection with the station.").

We remand the final judgment for the trial court to add a provision that the transfer of the radio stations' licenses must be done "in accordance with all federal laws and regulations." The trial court's final judgment is otherwise affirmed.

*Affirmed and remanded.*

MAY, J., concurs.
CIKLIN, J., dissents with opinion.

CIKLIN, J., dissenting.

I must respectfully dissent. There is no trial transcript in this case and so our review is constrained because our only reference to the trial court's discretionary findings and conclusions of law is contained in its sixteen-page, forty-four-paragraph written final judgment. The former wife has

2

not prepared a statement of the record as she could have done and as she was permitted to do by Florida Rule of Appellate Procedure 9.200(b)(5).

Clearly, from a review of the final judgment, the trial court considered the FCC issue. Based on an approved methodology that the former husband had previously utilized—by transferring ownership of a radio station from the former husband to his sister as a third-party who was permitted to hold the property in intermission for the sole purpose of eventually transferring it back to the former husband—the trial court ordered the former wife to repeat the procedure for purposes of effectuating the trial court's equitable distribution plan.

Apparently now, for the first time on appeal, the former wife alleges that the former husband's previous successful methodology was not an approved FCC technique.

Finally, and perhaps most importantly, the trial court specifically found that, during the trial in this case, the former wife failed and refused "to answer most questions and repeatedly stated she owned all of the marital assets except the marital residence." The trial court specifically found "little of the [former] [w]ife's testimony [was] credible."

The standard of review of the trial court's determination of equitable distribution is abuse of discretion. As we held in *Whelan v. Whelan*, 736 So. 2d 732, 733 (Fla. 4th DCA 1999), "[a]bsent a trial transcript, this court may reverse only if an error of law appears on the face of the final judgment." No such error exists on the face of the final judgment, and therefore I must respectfully dissent.

*         *         *

***Not final until disposition of timely filed motion for rehearing.***