# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**ANA ANICAMA,**
Appellant,

v.

**MARIO ANICAMA,**
Appellee.

No. 4D2024-2809

[June 24, 2026]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Kristin Raybon Kanner, Judge; L.T. Case No. 062012DR002895AXXXCE.

Diana Elizabeth Salomon of Law Office of Diana Salomon, Fort Lauderdale, for appellant.

Kristine Michele Johnson of Kristine M. Johnson, P.A., Davie, for appellee.

PER CURIAM.

*Affirmed.*

CIKLIN and CONNER, JJ., concur.
FORST, J., concurs specially with opinion.

FORST, J., concurring specially.

I concur in the affirmance of the trial court's order denying Former Wife's motion to hold Former Husband in contempt for failing to pay the mortgage on the former marital home in full by August 2, 2021. I write separately to explain my reasoning in reaching this determination.

The record indicates the trial court held two hearings on Former Wife's contempt motion. However, Former Wife has not filed any hearing

transcripts in the appellate record.[1] "The most salient impediment to meaningful review of the trial court's decision is not the absence of findings, but the absence of a transcript." *Tucker v. LNV Corp.*, 363 So. 3d 1095, 1098 (Fla. 4th DCA 2023) (quoting *Esaw v. Esaw*, 965 So. 2d 1261, 1264 (Fla. 2d DCA 2007)).

Moreover, Former Wife appears to have sought judicial action that the post-dissolution trial court lacked jurisdiction to provide. We have "consistently held that a former spouse's obligation to make mortgage payments is in the nature of a settlement of property rights, rather than an obligation for support." *Reed v. Reed*, 914 So. 2d 26, 27 (Fla. 4th DCA 2005). Consequently, "[i]f an obligation is in the nature of settlement of property rights as opposed to alimony, support or maintenance of one to whom the duty is owed, the contempt power of the court cannot be invoked." *Whelan v. Whelan*, 736 So. 2d 732, 733 (Fla. 4th DCA 1999) (quoting *Filan v. Filan*, 549 So. 2d 1105, 1105 (Fla. 4th DCA 1989)); *see also Lee v. Lee*, 710 So. 2d 186, 187 (Fla. 1st DCA 1998) ("If an order to pay all or a portion of a mortgage payment is solely in the nature of a property settlement, it is not enforceable by contempt." (collecting cases)).

Here, the mortgage payment was not considered alimony or support under the parties' marital settlement agreement.[2] Accordingly, the trial court did not err in denying the motion for contempt, which is the sole matter before us.[3]

\*         \*         \*

***Not final until disposition of timely-filed motion for rehearing.***

---

[1] Former Husband's answer brief referenced Former Wife's failure to provide the transcripts, but Former Wife failed to remedy the omission. *See Moment v. State*, 773 So. 2d 577, 578–79 (Fla. 4th DCA 2000) ("Where, as here, the appellees point out the deficiency in the record in their brief and appellants do not move to supplement the record, this court takes the position that compliance with [Florida Rule of Appellate Procedure] 9.200(f)(2) has been waived." (quoting *Cirillo v. Davis*, 732 So. 2d 387, 389 (Fla. 4th DCA 1999))).

[2] Although Former Husband had not paid off the mortgage by August 2, 2021, he had continued timely making mortgage payments. Further, the trial court determined that any child support obligation on Former Husband's part ended when the parties' child reached the age of eighteen, which occurred before Former Wife filed her contempt motion.

[3] Former Husband's response to Former Wife's contempt motion indicated that, if Former Husband discontinued mortgage payments before paying off the mortgage, Former Wife's appropriate response would be to seek "a breach of contract remedy, not one of contempt."

2