GERSTEN, C.J.
Cherie Wheaton Hinson (“the former wife”) appeals a final judgment on the pleadings in favor of Kristopher B. Hinson (“the former husband”). We reverse.
After the parties entered into a marital settlement agreement, the former wife timely moved for relief from judgment pursuant to Florida Family Rule of Procedure 12.540. The former wife’s motion alleged that the former husband provided *1121 fraudulent financial affidavits. In response, the former husband moved for judgment on the pleadings under Florida Rule of Civil Procedure 1.140(c), claiming that the former wife could not establish justifiable reliance. The trial court, without any evidence, granted the former husband’s rule 1.140(c) motion for judgment on the pleadings.
The trial court erred in two procedural missteps. The first misstep was granting the former husband’s motion for judgment on the pleadings. The record reveals that the former wife filed a motion for relief from judgment, and the former husband filed a motion for judgment on the pleadings. Therefore, because the parties did not file pleadings, rule 1.140(c) does not apply.
The next misstep was foreclosing the former wife from presenting evidence on her rule 12.540 motion for relief from judgment. Where a motion for relief from judgment alleges “colorable entitlement to relief,” it should not be summarily dismissed without an evidentiary hearing. In re Guardianship of Schiavo, 800 So.2d 640 (Fla. 2d DCA 2001); see also Gostyla v. Gostyla, 708 So.2d 674 (Fla. 2d DCA 1998); Crowley v. Crowley, 678 So.2d 435 (Fla. 4th DCA 1996); Pelekis v. Fla. Keys Boys Club, 302 So.2d 447 (Fla. 3d DCA 1974); cf. Flemenbaum v. Flemenbaum, 636 So.2d 579 (Fla. 4th DCA 1994) (holding evidentiary hearing not required because motion did not allege fraud with sufficient specificity).
Here, the former wife properly pleaded specific allegations of fraud which constituted a “colorable entitlement to relief’ and entitled the former wife to an evidentiary hearing. Additionally, fraud allegations are ordinarily not suitable for summary disposition because determining fraud generally requires a full explanation of the facts and circumstances of the alleged wrong. Nessim v. DeLoache, 384 So.2d 1341, 1344 (Fla. 3d DCA 1980).
Accordingly, we reverse the final judgment on the pleadings, and remand for an evidentiary hearing on the former wifes motion for relief from judgment.
Reversed and remanded.