DAMOORGIAN, J.
Christian Matteis (“former husband”) timely appeals the Amended Final Judgment of Dissolution of Marriage. He raises a number of issues on appeal. With one exception, we áffirm the final judgment. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979). Because the final judgment fails to resolve certain issues in connection with the sale of the marital residence, we reverse that part of the final judgment and remand for further clarification or consideration.
One exception to the general rule arising from Applegate, that failure to provide a transcript or proper substitute demands an affirmance of the trial court’s decision, is where the trial court’s error is clear on the face of the order or judgment. Casella v. Casella, 569 So.2d 848, 849 (Fla. 4th DCA 1990); see also Ferguson v. Ferguson, 54 So.3d 553, 556 (Fla. 3d DCA 2011).
With respect to the marital residence, the final judgment provides: “The parties shall cooperate to market the marital home for a sale. They shall equally divide any proceeds of sale and shall equally be responsible for any debt arising from the sale.” The former husband argues that the final judgment failed to address various issues surrounding the marital residence, including: (i) who would be responsible for the late homeowner’s association fees; (ii) who would be responsible for *1049 paying the principal, interest, taxes, and insurance pending the sale to keep the home from being foreclosed on by the bank; and (iii) what will happen if the house is not sold.
We agree that there are many unanswered questions regarding the disposition of the marital residence, which are apparent on the face of the final judgment. Accordingly, we remand for clarification of the issues concerning the payment of expenses of the marital residence pending its sale, as well as any contingency in the event the parties are unable to sell the residence within a specified time as determined by the trial court. See Schumaker v. Schumaker, 931 So.2d 271, 276 (Fla. 5th DCA 2006) (remanding in part for clarification of the disposition of the marital residence); see also Sullivan v. Sullivan, 363 So.2d 393, 395 (Fla. 2d DCA 1978) (“[I]f the court allows the parties to conclude a nonjudicial sale the judgment must fix a reasonable deadline by which the sale must take place”).

Affirmed in part, Reversed in Part and Remanded for proceedings consistent with this opinion.,

CIKLIN and LEVINE, JJ., concur.