PER CURIAM.
We again remind trial judges of the importance of making explicit findings as to all statutorily mandated factors for the determination of alimony in final judgments, as well as establishing a value (even if zero or de minimus) for all marital assets and liabilities when devising an equitable distribution scheme. Because the trial court failed to do so in this case, we reverse and remand for further proceedings.[1]
We acknowledge the trial court entered a final judgment with findings of fact and conclusions of law, but as we discuss below, we find the final judgment deficient.

Alimony

Section 61.08(2), Florida Statutes (2010), mandates that the trial court evaluate “any relevant economic factors, includ *963 ing standard of living during the marriage, age, earning ability, value of each party’s estate and contribution to the marriage.” Ryan v. Ryan, 927 So.2d 109, 112 (Fla. 4th DCA 2006). The statute provides a specific, non-exhaustive list of factors. Lule v. Lule, 60 So.3d 567, 569 (Fla. 4th DCA 2011). In conducting the required evaluation, the trial court must make findings of fact regarding each listed factor. Ryan, 927 So.2d at 112; Ondrejack v. Ondrejack, 839 So.2d 867, 870 (Fla. 4th DCA 2003) (“A failure to consider all of the mandated factors is reversible error.”) (citation omitted); Koski v. Koski, 98 So.3d 93, 96 (Fla. 4th DCA 2012) (reversing because appellate court could not determine if trial court considered all applicable section 61.08(2) factors).
Here, the trial court explained in the final judgment that it considered six of the ten factors, but no mention was made of the other four factors. Further, the order completely fails to make any factual findings regarding the missing four factors; as a result, the order is insufficient to support an award of alimony. Therefore, we reverse so that the trial court may have an opportunity to make factual findings in accordance with section 61.08(2). Segall v. Segall, 708 So.2d 983, 986-87 (Fla. 4th DCA 1998) (“Although the court’s final judgment tracked the language of section 61.08(2) in discussing the factors it considered, it failed to make findings of fact relative to those factors.”).

Equitable Distribution

Section 61.075, Florida Statutes (2011), provides that in any contested action, specific written findings must be made identifying, valuing, and distributing the marital and non-marital assets and liabilities. “These factual findings required by section 61.075(3) are necessary, in order to facilitate effective appellate review of the trial court’s property distribution scheme.” Fulmer v. Fulmer, 961 So.2d 1081, 1082 (Fla. 1st DCA 2007).
In Whelan v. Whelan, 736 So.2d 732, 733 (Fla. 4th DCA 1999), a final judgment awarded the husband’s interest in marital property to the wife but failed to value some of the assets. This court explained: “Even when no trial transcript is provided to the reviewing court, failure to make sufficient findings regarding value of property and identification of marital assets and debts constitutes reversible error and requires remand for appropriate findings to be made.” Id. (alteration, internal quotation marks, and citation omitted).
Here, the final judgment distributes marital property without stating the value of each asset and distributes marital debts without stating the amount of each liability. Because the final judgment as to equitable distribution is not supported by the required factual findings, it is insufficient, and we reverse so that the trial court may enter an order including these values.

Attorneys’ Fees

Where equitable distribution or alimony is disturbed due to a reversal on appeal, it may be appropriate to reexamine attorneys’ fees to determine if the redistribution of assets and liabilities affects the award. Segall, 708 So.2d at 989 (“[WJhere ... the results of an appeal materially change the parties’ abilities to pay, the issue of attorneys’ fees must be revisited upon remand to the trial court.”). The trial court may determine the parties’ relative needs and ability to pay, but only after the trial court clarifies the equitable distribution scheme and alimony. See Lee v. Lee, 56 So.3d 819, 821 (Fla. 2d DCA 2011). If, after reexamination of the equitable distribution scheme, the trial court redis *964 tributes the parties’ assets and liabilities and adjusts incomes through alimony, it may also be necessary to reexamine the parties’ need and ability to pay attorneys’ fees. Therefore, we reverse the award of attorneys’ fees so that the trial court may have such an opportunity.

Reversed and remanded.

DAMOORGIAN, C.J, CIKLIN and CONNER, JJ., concur.

. The Husband raised four issues on appeal. The Wife recast the Husband’s four issues into seven issues. We affirm, without discussion, Issues I and IV as framed in the initial brief. Because we reverse and remand for lack of written findings regarding alimony and equitable distribution, we deem the recast issues framed by the Wife to be moot.