DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROBERT ADDIE,**
Appellant,

v.

**ONYX COALE,**
Appellee.

No. 4D14-1065

[November 25, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Charles E. Burton, Judge; L.T. Case No. 502009DR 013085XXXXMB.

Troy William Klein, West Palm Beach, for appellant.

No brief filed for appellee.

KLINGENSMITH, J.

In this appeal from a final judgment awarding child support and alimony, the former husband argues that the trial court erred in its calculation of the alimony award by considering only two of the ten factors outlined in section 61.08, Florida Statutes (2011). He also asserts that the trial court departed from the essential requirements of law by making limited findings of fact based upon unsworn statements made during a hearing. We agree on both issues and reverse.

In 2011, the trial court entered a final judgment of dissolution of the parties' marriage, and the former husband appealed on multiple grounds. Upon review, this court affirmed the judgment in part, and reversed and remanded the case for reconsideration of 1) the former wife's income as supported by the record (and, accordingly, a recalculation of the child support award); and 2) the complete denial of alimony to the former husband, while leaving it to the trial court's discretion to determine the appropriate form. *Addie v. Coale*, 120 So. 3d 44, 46-48 (Fla. 4th DCA 2013). This appeal concerns the alimony and child support awards determined by a successor judge on remand.

At a hearing in February 2014 following this court's mandate, the trial judge stated on the record that he interpreted the *Addie* decision to mean that he did not need to take additional evidence or re-litigate the case in order to reconsider the child support and alimony awards. However, he also recognized that it was possible the parties' relative financial positions had changed since the initial decision was rendered in 2011. Despite the former wife's claim that she no longer had the ability to pay alimony and that she was also contesting the former husband's need,[1] the trial judge repeatedly reminded the parties that he would not take any additional evidence, and would review only the original record and the prior testimony to reach his decision.

Ultimately, the trial court issued another judgment. Regarding the child support and alimony, the judgment stated as follows, in pertinent part:

> The predecessor judge in the final judgment of dissolution of marriage made findings of fact pursuant to Florida Statute Section 61.08. The appellate court held that the trial court must award alimony. *Therefore, this Court does not believe it is required to make renewed findings pursuant to Florida Statute §61.08*, although a couple of factors are important to weigh in making this determination. From a review of the transcripts of the testimony presented at trial, this Court finds the former husband's gross annual income at the time of the final hearing to be $101,521.00 or $8,460 per month. The former husband's reasonable monthly expenses total $12,626 per month. The Court finds the former wife's gross annual income at the time of the final hearing to be $576,000 or $48,000 per month. *If the Court was making an alimony award based upon the current financial conditions of the parties, the Court would find that a nominal award of alimony is appropriate. However, the mandate requires that*

---

[1] The amount of child support awarded is dependent in part upon the alimony determination, as spousal alimony received by a party is considered income when determining child support guidelines. *See* § 61.30(2)(a)9., Fla. Stat. (2011) (stating that "[g]ross income shall include . . . [s]pousal support received from a previous marriage or court ordered in the marriage before the court"); *see also Pike v. Pike*, 932 So. 2d 229, 230 (Fla. 4th DCA 2005) ("In a dissolution of marriage case such as this one, in which alimony is required because of the disparity in income between the parties, the court must first determine the amount of alimony and then, considering alimony as income, determine the amount of child support.").

2

*the Court make an alimony award as of the date of final judgment.* Accordingly, this is a moderate term marriage and under ordinary circumstances, the Court would find that an award of three (3) years of durational alimony is reasonable and appropriate. . . .

. . . .

*In addition, the Court has calculated child support based upon the findings at the time of the final judgment.* Clearly, either party may file for a modification based upon the current income of the parties if they desire to do so.

(Emphasis added).

Section 61.08 states:

(1)  In a proceeding for dissolution of marriage, the court may grant alimony to either party, which alimony may be bridge-the-gap, rehabilitative, durational, or permanent in nature or any combination of these forms of alimony.  In any award of alimony, the court may order periodic payments or payments in lump sum or both.  The court may consider the adultery of either spouse and the circumstances thereof in determining the amount of alimony, if any, to be awarded. *In all dissolution actions, the court shall include findings of fact relative to the factors enumerated in subsection (2) supporting an award or denial of alimony.*

(2)  In determining whether to award alimony or maintenance, the court shall first make a specific factual determination as to whether either party has an actual need for alimony or maintenance and whether either party has the ability to pay alimony or maintenance.  If the court finds that a party has a need for alimony or maintenance and that the other party has the ability to pay alimony or maintenance, then in determining the proper type and amount of alimony or maintenance under subsections (5)-(8), *the court shall consider all relevant factors, including, but not limited to . . . .*

§ 61.08(1)-(2), Fla. Stat. (2011) (emphasis added).

3

Section 61.08(2)(a)-(j) then lists ten (10) separate factors for the court to consider. This court has held that a trial court must consider and make specific factual findings for each of these factors:

> Section 61.08(2), Florida Statutes (2010), mandates that the trial court evaluate "any relevant economic factors, including standard of living during the marriage, age, earning ability, value of each party's estate and contribution to the marriage." *Ryan v. Ryan*, 927 So. 2d 109, 112 (Fla. 4th DCA 2006). The statute provides a specific, non-exhaustive list of factors. *Lule v. Lule*, 60 So. 3d 567, 569 (Fla. 4th DCA 2011). In conducting the required evaluation, the trial court must make findings of fact regarding each listed factor. *Ryan*, 927 So. 2d at 112; *Ondrejack v. Ondrejack*, 839 So. 2d 867, 870 (Fla. 4th DCA 2003) ("A failure to consider all of the mandated factors is reversible error.") (citation omitted); *Koski v. Koski*, 98 So. 3d 93, 96 (Fla. 4th DCA 2012) (reversing because appellate court could not determine if trial court considered all applicable section 61.08(2) factors).

> Here, the trial court explained in the final judgment that it considered six of the ten factors, but no mention was made of the other four factors. Further, the order completely fails to make any factual findings regarding the missing four factors; as a result, the order is insufficient to support an award of alimony. Therefore, we reverse so that the trial court may have an opportunity to make factual findings in accordance with section 61.08(2). *Segall v. Segall*, 708 So. 2d 983, 986–87 (Fla. 4th DCA 1998) ("Although the court's final judgment tracked the language of section 61.08(2) in discussing the factors it considered, it failed to make findings of fact relative to those factors.").

*Patino v. Patino*, 122 So. 3d 961, 962-63 (Fla. 4th DCA 2013); *see also Badgley v. Sanchez*, 165 So. 3d 742, 744 (Fla. 4th DCA 2015) (citing *Patino* for the same proposition).

4

In this case, the trial judge did not reconsider each of the required statutory factors listed in section 61.08(2),[2] perhaps because the previous judge already had considered them in the prior judgment.[3] However, in light of the amount of time that had passed since the earlier case was remanded, and considering the fact that the case was heard in front of a different judge on remand, the trial court's reliance on both a stale record and an incomplete prior judgment in rendering the decision was error.

Former husband points to the trial court's reconsideration of the statutory factors under sections 61.08(2)(e) and 61.08(2)(j) as support for his claim that the trial judge relied on new evidence, notwithstanding the repeated assertions that the court would base its decision on the extant record. An examination of the court's findings and precatory comments leaves no doubt that new information was revealed at the hearing on remand and considered by the trial judge.

Two portions of the record support the former husband's claims. First, after addressing findings he made pursuant to section 61.08(2)(e) and section 61.08(2)(j), the trial judge refers to events that took place after the prior hearing by stating, "[u]nlike the predecessor judge, this Court now had the opportunity to see what the future held for Addie and Coale." Second, after addressing the occurrence of these events, the trial judge added:

> *This Court has had an opportunity to observe these parties as they are now pro se.* Given the equitable distribution of assets and the temporary support paid by the former wife, the Court finds that given the hostile relationship *as well as the facts discussed in this Order,* the Court finds that lump sum alimony is appropriate.

(Emphasis added).

---

[2] A review of the judgment at issue in this appeal shows that the successor trial judge re-evaluated two factors under the statute, specifically sections 61.08(2)(e) and 61.08(2)(j), but none of the other factors.

[3] The 2011 final dissolution of marriage reveals that the trial court did not specifically include findings for section 61.08(2)(i), which requires the judge to consider "[a]ll sources of income available to either party, including income available to either party through investments of any asset held by that party."

Thus, it appears that despite his repeated claims that he would not consider any new evidence, the trial judge contradicted himself in the final order and indeed utilized information from the February 2014 hearing, at least to some extent. Also, the transcript lacks any indication that either the former husband or the former wife was placed under oath during the hearing. As such, it seems that the trial judge considered unsworn statements of the parties in reaching his final determination of the alimony award.

The trial judge's interpretation of our mandate in *Addie* was incorrect. Alimony is awarded based on one party's need and the other party's ability to pay. *See, e.g., Fichtel v. Fichtel*, 141 So. 3d 593, 595 (Fla. 4th DCA 2014) ("The decision to award alimony is based on the trial court's determination of one spouse's need and the other spouse's ability to pay."). Both need and ability to pay are dynamic issues that are likely to change over time. The trial judge alluded to this fact during the hearing when he stated that any decision he rendered likely would result in an appeal or a motion to modify the judgment due to the passage of time. Nonetheless, the court issued its decision even though more than three years had passed since evidence of the parties' respective financial situations relating to need and ability to pay alimony had been properly presented to the trial court.

Therefore, we reverse and remand this case to the trial court for an evidentiary hearing on *all* of the relevant factors in section 61.08(2), and for a final judgment consistent with our holdings in *Patino* and *Badgley*. After the trial court has ruled upon the alimony issue, it must then recalculate the child support award accordingly. *See* § 61.30(2)(a)9.; *see also Pike*, 932 So. 2d at 230.

*Reversed and Remanded for further proceedings.*

STEVENSON and LEVINE, JJ., concur.

\*         \*         \*

**Not final until disposition of timely filed motion for rehearing.**

6