CONNER, J.
This appeal and cross-appeal arise out of a final judgment of dissolution of marriage. Both parties raise several issues on appeal. We affirm without discussion on all issues except two. Among the wife’s arguments on appeal, she asserts that the trial court erred in the amount of alimony awarded to the husband. On cross-appeal, the husband asserts, in part, that the trial court erred in not awarding him at least nominal permanent alimony. We agree..with the wife that the amount of alimony, awarded *521 was not supported by the evidence and the trial court failed to make the required findings to support the award; thus, we reverse.

Factual Background and Trial Court Proceedings

The wife petitioned for dissolution of the couple’s twenty-two year marriage, including relief regarding a minor child. In his answer and counter-petition, the husband sought spousal support, in the form of temporary, rehabilitative, lump sum, dura-tional, bridge-the-gap, and permanent alimony. The matter proceeded to a -final hearing, where the wife argued that the husband was well educated and capable, but for whatever reason, had not earned any great sum of income during the marriage. The wife sought to impute income to the husband in the amount of $73,365.12, an amount supported by the testimony of her vocational expert. In response, the husband argued that he had been the primary caretaker for the child while the wife, a pharmacist, was the primary wage' earner. At trial, the husband sought an award of permanent alimony in the amount of his deficit of expenses over income, which was $2,719 a month, as reflected in his financial affidavit.
At the close of the evidence, the trial court noted that it had difficulties with both parties’ credibility on numerous issues relative to their financial circumstances. In reviewing the husband’s financial affidavit, in particular, the court noted it had a hard time understanding why his financial affidavit did not claim any monthly expenses for the child, who had been living with the husband for the majority of the time since the petition for dissolution was filed. The trial court was also puzzled about the $2,719 amount of monthly deficit stated on the husband’s financial affidavit and questioned how he could be spending the amounts claimed for an extended period of time, without sufficient income to pay such expenses.
In making its rulings, the trial court accepted the opinion of the wife’s vocational rehabilitation expert and further found that the husband was voluntarily underemployed throughout the marriage and that the consequence of his less than diligent efforts to earn a greater income compelled the court to impute $73,365.12 in income to him. The trial court was particularly concerned about the husband’s underemployment for twenty years, which the court found was completely voluntary, and unnecessary in order for the husband to assist in raising the minor child. However, given the husband’s twenty years of underemployment, the trial court acknowledged that the husband would need time to get his certifications and qualifications current. The trial court therefore awarded the husband bridge-the-gap alimony in the amount of $2,000 per month for twenty-four months, as well as a concurrent dura-tional alimony award of $2,000 per month for ten years. In the final judgment, the trial court noted that it considered all of the requisite statutory, factors in entering its alimony award and listed out the statutory factors. Important for the resolution of this appeal, although the trial court made a specific finding that the husband had proven a need for alimony and the wife’s ability to pay alimony, the trial court made no findings, verbally or in writing, regarding the suitability of one type of alimony over another.
Both parties filed motions for rehearing regarding the alimony award. In particular, the wife argued that the alimony award was excessive and that the court failed to make specific factual findings regarding the factors it considered. Both parties’ motions were denied.

*522
Appellate Analysis

On appeal, the wife argues that the trial court erred in awarding the husband concurrent and excessive bridge-the-gap alimony and durational alimony. We agree the trial court erred in the amount of alimony awarded to the husband because it exceeded the amount of alimony he requested and was not supported by the evidence. The husband testified that he was seeking permanent alimony in the amount of his monthly deficit in income, which was $2,719, as reflected in his financial affidavit. However, the trial court awarded the husband $2,000 in monthly bridge-the-gap alimony for twenty-four months, to run concurrently with a monthly durational alimony award of another $2,000 for ten years, for a total amount of $4,000 in alimony for the first two years. Although the trial court commented that the husband’s financial affidavit, particularly the amount of claimed monthly deficit, did not make sense, review of the record does not reflect that any evidence was presented as to the husband’s monthly needs over and above what he stated in his financial affidavit. “Absent special circumstances which do not appear in the judgment, an alimony award should not exceed a spouse’s need.” Rosecan v. Springer, 845 So.2d 927, 929 (Fla. 4th DCA 2003). Thus, while “[t]he nature and amount of an award of alimony is a matter committed to the sound discretion of the trial court,” Ryan v. Ryan, 927 So.2d 109, 112 (Fla. 4th DCA 2006) (quoting Kovalchick v. Kovalchick, 841 So.2d 669, 670 (Fla. 4th DCA 2003)), in this case, the alimony award, in terms of need, was not supported by competent substantial evidence. See Fortunoff v. Morris, 197 So.3d 128, 129-30 (Fla. 4th DCA 2016) (reversing award of temporary alimony for lack of competent substantial evidence where amount awarded exceeded the amount of expenses stated on husband’s financial affidavit and where no other evidence was presented to justify the amount awarded).
Additionally, the wife argues that the final judgment failed to set forth the findings of fact necessary to support its alimony award under section 61.08, Florida Statutes, which provides a specific, non-exhaustive list of factors for the court to consider. Notably, section 61.08(1) provides, in part, that: “In all dissolution actions, the court shall include findings of fact relative to the factors enumerated in subsection (2) supporting an award or denial of alimony.” § 61.08(1), Fla. Stat. (2015).
In this case, although the final judgment stated that the trial court considered the requisite factors and listed them, the trial court failed to make findings of fact corresponding to each of the listed factors. While portions of the final judgment made findings on several of the statutory factors, it did not make factual findings regarding the standard of living during the marriage, the age, physical or emotional conditions of the parties, or the contribution of each party to the marriage. As noted above, “[i]n conducting the required evaluation, the trial court must make findings of fact regarding each listed factor.” Patino v. Patino, 122 So.3d 961, 963 (Fla. 4th DCA 2013) (emphasis added).
The husband argued on motion for rehearing and on appeal that he should have been awarded at least a nominal amount of permanent alimony based on the parties’ long-term marriage. See Motie v. Motie, 132 So.3d 1210, 1213 (Fla. 5th DCA 2014) (recognizing a rebuttable presumption in favor-of permanent alimony with respect to long-term marriages). Notably, the trial court made no findings of'facts supporting a conclusion that permanent alimony was not appropriate in this case. § 61.08(1), (2), *523 (7) and (8), Fla. Stat. (2015) [1]; cf. Stephens v. Stephens, 807 So.2d 700, 701 (Fla. 2d DCA 2002) (holding that the trial court’s finding that former wife has the ability to work full-time rebutted the presumption of entitlement to permanent periodic alimony).
As such, we reverse the award of alimony and remand for the trial court to make the required findings of fact under section 61.08, and for further proceedings consistent with this opinion. A significant adjustment of the amount of alimony awarded may require adjustment of the award provisions of the final judgment regarding child support and attorney’s fees.

Affirmed in part, reversed in part, and remanded.

GERBER and KLINGENSMITH, JJ„ concur.

. The pertinent subsections of section 61.08, are:
(1) ... In all dissolution actions, the court shall include findings of fact relative to the factors enumerated in subsection (2) supporting an award or denial of alimony.
(2) ... in determining the proper type and amount of alimony or maintenance under subsections (5)-(8), the court shall consider all relevant factors....
[[Image here]]
(7) Durational alimony may be awarded when permanent periodic alimony is inappropriate. ...
(8) ... In awarding permanent alimony, the court shall include a finding that no other form of alimony is fair and reasonable under the circumstances of the parties.
(emphases added);