# Third District Court of Appeal

## State of Florida

Opinion filed March 15, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-948
Lower Tribunal No. 12-32231
_____

**Winnie Pierre,**
Appellant,

vs.

**Abson Jonassaint,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Rosa C. Figarola and Antonio Marin, Judges.

Jarbath Pena Law Group and Fritznie Jarbath, for appellant.

Christian Dunham, for appellee.

Before ROTHENBERG, SALTER and EMAS, JJ.

EMAS, J.

Appellant, Winnie Pierre, appeals a final judgment of dissolution of marriage which, inter alia, dissolves her marriage from Abson Jonassaint, orders child support, distributes marital property, and denies her requests for alimony and attorney's fees. Pierre also appeals the subsequent order denying her motion for rehearing of the final judgment. We affirm in part and reverse in part, as further explained herein.

Pierre raises several issues on appeal. First, she asserts that the trial court erred in failing to conduct an evidentiary hearing on the allegations of fraud raised by Pierre in her motion for rehearing. We find this argument without merit. Although a court may grant relief from a final judgment based upon fraud, the law in Florida provides that an evidentiary hearing is not required unless the allegations of fraud are pleaded with sufficient specificity to raise a colorable claim of entitlement to relief. Flemenbaum v. Flemenbaum, 636 So. 2d 579 (Fla. 4th DCA 1994). See also Rusniaczek v. Tableau Fine Art Grp., Inc., 139 So. 3d 355, 357 (Fla. 3d DCA 2014) (holding that "[i]n order to warrant an evidentiary hearing, a rule 1.540(b)(3) motion must specify the essential facts of the purported fraud and not merely assert legal conclusions.") We find no abuse of discretion in the trial court's summary denial of Pierre's motion for rehearing, as Pierre failed to plead her allegations of fraud with sufficient specificity; Pierre's motion merely asserted

in conclusory fashion that Jonassaint misrepresented or misstated his income and assets.

Pierre also asserts on appeal that the trial court erred in distributing marital assets and liabilities without including the value of those items in the final judgment, as is required by section 61.075, Florida Statutes (2015). On this point, we agree with Pierre. Section 61.075(3) clearly provides:

> In any contested dissolution action wherein a stipulation and agreement has not been entered and filed, any distribution of marital assets or marital liabilities shall be supported by factual findings in the judgment or order based on competent substantial evidence with reference to the factors enumerated in subsection (1). The distribution of all marital assets and marital liabilities, whether equal or unequal, shall include specific written findings of fact as to the following:
>
> (a) Clear identification of nonmarital assets and ownership interests;
>
> (b) Identification of marital assets, including the individual valuation of significant assets, and designation of which spouse shall be entitled to each asset;
>
> (c) Identification of the marital liabilities and designation of which spouse shall be responsible for each liability;
>
> (d) Any other findings necessary to advise the parties or the reviewing court of the trial court's rationale for the distribution of marital assets and allocation of liabilities.

The final judgment in this case provides only the following:

t) Equitable Distribution. The parties have no jointly-owned real property so there is none to divide. The parties partitioned their personal property upon separation on July 18, 2011. Each party shall retain the personal property currently in his/her possession.

i.)     Retirement – During the marriage, the Husband contributed marital income to his retirement plan through his employment with Miami-Dade County Public Schools. The Husband's retirement plan shall be subject to equitable distribution for the period from April 1, 2001 when the parties married through July 18, 2011 when the parties informally separated their property and began to lead independent lives.

ii.)     Compensation for Lawsuit(s) – The Wife testified that she received a settlement in a discrimination lawsuit during the marriage. The Wife claimed not to remember the exact amount of the settlement except that "it was less than $1000.00". The Wife shall provide documented proof to the Husband of the total amount that she received during the marriage as proceeds from any and all lawsuits. The Wife shall pay to the Husband one-half said proceeds. If the Wife fails to produce documented proof, the Husband shall receive a credit of $500.00 which shall be deducted from his share of the total liabilities owed by the parties.

iii.)     Liabilities – The parties acquired certain marital liabilities which are subject to equitable distribution and are listed in their respective financial affidavits. When the parties separated on July 18, 2011, they had accumulated $27,496.44 in marital debt which shall be apportioned to each on an equal basis with each party paying $13,748.22. However, any all debts accumulated after July 18, 2011 shall be the sole responsibility of the party who incurred the debt.

There is no question that this was a contested dissolution action. Thus, the trial court was required to include specific written findings of fact in the final

4

judgment "in order to facilitate effective appellate review of the trial court's property distribution scheme." Patino v. Patino, 122 So. 3d 961, 963 (Fla. 4th DCA 2013). The court's reference to the parties' respective financial affidavits is inadequate to permit meaningful review, particularly because the total amount of liabilities listed in the final judgment do not appear to correspond with either party's financial affidavit. In addition, the liabilities listed in those financial affidavits are in several respects irreconcilable. Further, as to the distribution of the parties' assets, the final judgment specifies only two: the former husband's pension plan and lawsuit proceeds earned by the wife. Neither of these assets is "clearly identified," or valued as required by section 61.075(3). Thus, it is not possible for this court to determine whether the trial court properly and equitably distributed the parties' assets and liabilities.

We reverse and remand for the trial court to amend the final judgment in a manner that complies with section 61.075(3). See Patino, 122 So. 3d at 963 (holding that a "failure to make sufficient findings regarding value of property and identification of marital assets and debts constitutes reversible error and requires remand for appropriate findings to be made." (quoting Whelan v. Whelan, 736 So. 2d 732, 733 (Fla. 4th DCA 1999))).

As to the other points raised by Pierre on appeal, we find no abuse of discretion by the trial court and affirm without further discussion.

Affirmed in part, reversed in part, and remanded with directions.