Kuntz, J:
The Former Husband appeals the circuit court’s orders denying his motions to em force the marital settlement agreement, compel mediation, and compel an inventory of personal, property and similar items. We reverse because section 61.075, Florida Statutes (2012), required the court to identify and value all marital and non-marital property, and distribute the marital property.
Five years ago, the circuit court entered a final judgment of dissolution of marriage and incorporated marital settlement agreement. Within the incorporated marital settlement agreement was a provision which stated that the parties would,' “amicably divide all personal property, furnishings, and other like items between themselves” and, if not able to do so, they would mediate the division of any remaining items.
As often occurs, the parties were unable to resolve the distribution of personal property and furnishings. Therefore, the Former Husband filed a motion to enforce the marital settlement agreement, a motion to compel mediation, and a motion to compel inventory. The circuit court held a hearing on the motions and heard testimo *576 ny from the Former Husband and Former Wife.
After the parties testified, the court expressed concern about mediation and whether the parties would be truthful with the mediator. It also questioned, if it ordered an inventory of the remaining items of personal property, whether the court was “supposed to figure out” the truth regarding which items were marital and non-marital. After listening to counsel’s answers to its questions, the court denied the Former Husband’s motions.
In a marital dissolution action, section 61.075, Florida Statutes (2012), “expressly requires trial courts” to make specific written findings identifying, valuing, and distributing marital and non-marital property. Siegel v. Siegel, 967 So.2d 349, 351 (Fla. 3d DCA 2007); see also Patino v. Patino, 122 So.3d 961, 963 (Fla. 4th DCA 2013); Whelan v. Whelan, 736 So.2d 732, 733 (Fla. 4th DCA 1999).
While the procedural posture of this dissolution action was somewhat unique, the parties’ agreement to attempt to distribute the personal property without court intervention did not eliminate the court’s statutory obligation to do it for them when their efforts at a non-judicial resolution failed.
The court’s orders are reversed and the case is remanded for further proceedings. On remand, the court may compel mediation. However, if the court declines to compel mediation or the parties are unable to resolve the dispute through mediation, the court shall conduct a hearing and make written findings that sufficiently identifies the contested personal property, values the contested personal property, determines whether the contested personal property is marital or non-marital, and distributes the marital property. Pierre v. Jonassaint, 212 So.3d 1131, 1133 (Fla. 3d DCA 2017).

Reversed and remanded with instructions.

Gross and Conner, JJ., concur.