Warner, J.
The former husband challenges the eq-. uitable distribution of liabilities in a final judgment of dissolution of marriage. At issue are several “loans” that the former husband testified he owed to various family members and a bank. He had no loan documents to prove their existence. In making equitable distribution, the judgment stated: “As to any debt not otherwise addressed herein each party shall be responsible for any and all debt that appears in his or her own name as his or her sole and separate debt and shall indemnify and hold harmless the other party therefrom.” The judgment did not otherwise identify the subject loans.
Section 61.075(3), Florida Statutes (2016), requires that the court make written findings of fact identifying marital assets and liabilities. Although at the final hearing the judge said that he thought these particular loans were non-marital, personal debts made after the date of separation, those findings were not included in the.final judgment.- Moreover, the judge did not establish a separation date, and the former husband testified that the loans were used to fix up or purchase two of the marital properties. Therefore, it is hard to square the testimony with the judge’s ruling, unless the judge simply did not believe the former husband and his relatives that the loans were made and were used for marital purposes.
Nevertheless, “failure to make sufficient findings regarding value of property and identification of marital assets and debts constitutes reversible error and requires remand for appropriate findings to be made.” Patino v. Patino, 122 So.3d 961, 963 (Fla. 4th DCA 2013) (quoting Whelan v. Whelan, 736 So.2d 732, 733. (Fla. 4th DCA 1999)). We therefore reverse and remand for the trial court to make appropriate findings and to readjust the equitable distribution plan, if necessary.
Gerber and Forst, JJ., concur.