DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**THELMA ROWE-LEWIS,**
Appellant,

v.

**HORACE LEWIS,**
Appellee.

No. 4D18-1982

[April 3, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Andrea Gundersen, Judge; L.T. Case No. FMCE 16-001376.

Thelma Rowe-Lewis, Miramar, pro se.

No appearance for appellee.

KLINGENSMITH, J.

Thelma Rowe-Lewis appeals the trial court's final order denying her motion for rehearing and reconsideration and motion to set aside final judgment of dissolution. We find two of her arguments on appeal merit discussion. First, we agree that the trial court erred when it denied her motion to set aside final judgment, based on fraud, without holding an evidentiary hearing. Second, we have been given the opportunity to, once again, address a trial court's failure to make specific factual findings in an order denying an alimony request.

*Facts*

After a final hearing on Rowe-Lewis's petition for dissolution of marriage, the trial court entered its final judgment of dissolution, which denied her request for alimony. The judgment stated she did not have a substantial need for alimony and former husband did not have the ability to pay. It also indicated that the court considered all of the statutory factors related to alimony listed in section 61.08(2), Florida Statutes (2017). However, of the statute's eight listed factors, the judgment only listed specific findings for section 61.08(2)(j): "Any other factor necessary

to do equity and justice between the parties." For this factor, the judgment noted that the trial court considered Rowe-Lewis's "steady employment history."

The judgment also directed the parties to keep their respective assets and liabilities, including vehicles. Though the judgment also stated former husband could keep the vehicles owned by his company, the judgment was silent as to the distribution or valuation of former husband's business—a towing company organized as an S-corporation in which he was the sole shareholder.

Rowe-Lewis moved to set aside the final judgment of dissolution pursuant to Florida Family Law Rule of Procedure 12.540(c). The motion alleged that former husband's financial affidavit and corresponding testimony were fraudulent. Rowe-Lewis identified specific, un-disclosed assets and income sources, including payments deposited into the towing company's primary business checking account, which she claimed former husband used for personal expenses. Rowe-Lewis also presented records as proof of these payments. She alleged that if former husband had reported this financial information accurately, then the court could have found that: he had the ability to pay retroactive and ongoing spousal support; he had the ability to pay more child support; and that his business was an asset of the marriage which should have been equitably distributed. As such, Rowe-Lewis argued she was injured by former husband's fraudulent misrepresentation.

The trial court entered an order denying Rowe-Lewis's motion to set aside the final judgment—which was treated as a motion for rehearing and reconsideration—without holding an evidentiary hearing.

Rowe-Lewis also filed a self-titled motion for rehearing and reconsideration. In it, she claimed, among other things, that there were several errors in the final judgment. The trial court denied the motion for rehearing and reconsideration, but entered an amended final judgment correcting two of the alleged errors. This appeal follows.

### Evidentiary Hearing Necessary Regarding the Fraud Allegation

Florida Rule of Civil Procedure 1.540(b) applies to family court proceedings. *See* Fla. Fam. L. R. P. 12.540(b); *Lefler v. Lefler*, 776 So. 2d 319, 321 (4th DCA 2001). "A court's denial of 1.540(b) relief is reviewed for an abuse of discretion." *Acosta v. Deutsche Bank Nat'l Tr. Co.*, 88 So. 3d 415, 417 (Fla. 4th DCA 2012); *accord Coleman (Parent) Holdings, Inc. v. Morgan Stanley & Co.*, 20 So. 3d 952, 954 (Fla. 4th DCA 2009).

A rule 1.540(b) motion "should not be summarily dismissed without an evidentiary hearing unless its allegations and accompanying affidavits fail to allege a colorable entitlement to relief." *Coleman*, 20 So. 3d at 954; *accord Hinson v. Hinson*, 985 So. 2d 1120, 1121 (Fla. 3d DCA 2008). "To warrant an evidentiary hearing, a Rule 1.540(b) motion must . . . plead fraud with particularity[] and . . . explain why the fraud, if it exists, would entitle the movant to have the judgment set aside." *Coleman*, 20 So. 3d at 955 (citations omitted). Thus, for a court to determine whether to hold an evidentiary hearing on allegations of fraud, it must evaluate whether "the parties' assertions, if true, would have altered the final judgments from which relief was sought . . . ." *Id.* at 956.

The record indicates that an evidentiary hearing was necessary. *See Coleman*, 20 So. 3d at 954; *Hinson*, 985 So. 2d at 1121. Although we make no determination about the veracity of Rowe-Lewis's claims, they were neither boilerplate nor merely conclusory; instead, they were alleged with particularity and with supporting documentation, presenting a colorable entitlement to relief. *See Coleman*, 20 So. 3d at 954; *Hinson*, 985 So. 2d at 1121. Furthermore, sufficiently pled fraud allegations are ordinarily not suitable for summary disposition and require a full explanation of the facts and circumstances of the alleged wrong. *See Coleman*, 20 So. 3d at 954. Therefore, if Rowe-Lewis's factual claims are found to be true after an evidentiary hearing,[1] the trial court must then make a legal determination about whether the former husband's business income was retained for a corporate purpose. *See Zold v. Zold*, 911 So. 2d 1222, 1231-32 (Fla. 2005) (indicating that "pass-through" income of an S-corporation retained for a non-corporate purpose may constitute income reportable in alimony proceedings).

*Factual Findings Needed Regarding Section 61.08(2)*

Although "[t]he nature and amount of an award of alimony is a matter committed to the sound discretion of the trial court," an alimony award

---

[1] Although the trial court cites to an administrative order as authority for considering the motion to set aside the final judgment without holding an evidentiary hearing, this court has previously held that a local rule cannot be applied in a way that conflicts with a rule of the court. *See Dougan v. Bradshaw*, 198 So. 3d 878, 882 (Fla. 4th DCA 2016) ("[A]n administrative order which attempts to amend a statute or rule by adding terms and conditions . . . is invalid." (Alteration added) (citation omitted)). Similarly, an administrative order cannot supersede an opinion issued from this court.

must be "supported by competent substantial evidence." *Brezault v. Brezault,* 199 So. 3d 519, 521 (Fla. 4th DCA 2016) (citation omitted).

Section 61.08(2) provides a specific, non-exhaustive list of factors for a trial court to consider in determining whether a party is entitled to alimony. "[T]he court *shall* include findings of fact relative to the factors enumerated in subsection (2) supporting an award or denial of alimony." § 61.08(1) (emphasis added); *see also Patino v. Patino,* 122 So. 3d 961, 963 (Fla. 4th DCA 2013) (reversing where the trial court failed to make factual findings as to each factor listed under section 61.08(2)).

In *Brezault,* the trial court awarded the husband alimony. 199 So. 3d at 521. In its final judgment, the court simply listed all of the factors in section 61.08(2) and stated that it "considered" them. *Id.* While portions of the final judgment made findings as to several factors, there were not factual findings for *each* factor. *Id.* at 522. We held that this was error and reversed and remanded the case for the trial court to make the required findings of fact under section 61.08(1) and (2). *Id.* at 523.

In this case, as in *Brezault,* the final judgment stated that the trial court considered the requisite statutory factors, but failed to make findings of fact corresponding to each of them. Though the final judgment does contain a finding as to section 61.08(2)(j), it did not make factual findings regarding the other listed factors, including, *inter alia*: the standard of living during the marriage; the age and the physical and emotional conditions of the parties; or the contribution of each party to the marriage—all of which are relevant to this case. *See* § 61.08(2). While we understand that each statutory factor may not be relevant in every case, the trial court should nonetheless address the facts that do pertain to a listed factor, or state in the final judgment why the court did not find that factor applicable under the circumstances. *See* §§ 61.08(1) and (2); *Brezault,* 199 So. 3d at 522-23; *Patino,* 122 So. 3d at 963.

*Conclusion*

Because we agree with Rowe-Lewis's arguments that the trial court failed to conduct an evidentiary hearing on her fraud claim and failed to make findings of fact as required by sections 61.08(1) and (2), we reverse the court's determination as to alimony. We remand this matter to the trial court for an evidentiary hearing and for entry of a final judgment that includes the requisite findings of fact under section 61.08(1), and also addresses each of the factors under section 61.08(2). On remand, the trial court should also address the issue of whether former husband's business is a marital asset subject to equitable distribution, and if so, make specific

findings as to both the valuation and distribution of the business in its final judgment. *See* § 61.075(3), Fla. Stat. (2017) (setting forth the process for deciding how assets are to be identified and distributed); *Whelan v. Whelan*, 736 So. 2d 732, 733 (Fla. 4th DCA 1999) (noting that the "[f]ailure to make sufficient findings regarding value of property and identification of marital assets and debts constitutes reversible error and requires remand for appropriate findings to be made" (alteration in original)).

*Reversed and remanded with instructions.*

MAY and CIKLIN, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**