DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ELIYAHU AZULAY,**
Appellant,

v.

**KIMBERLY AZULAY,**
Appellee.

No. 4D2025-0445

[June 10, 2026]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Cheryl Annette Caracuzzo, Judge; L.T. Case No. 502022DR008363XXXXNB.

Lane Weinbaum of Weinbaum, P.A., Coral Springs, for appellant.

Robyn Rappaport Weiss of Robyn R. Weiss, P.A., Palm Beach Gardens, and Deanna Virginia Shuler of Deanna V. Shuler, P.A., Palm Beach Gardens, for appellee.

MAY, J.

The former husband appeals a final dissolution judgment. He argues the trial court erred in failing to place a value on the marital home, failing to account for the mortgage, interest, taxes, and carrying costs on the marital home, and ordering the marital home to be sold without justification. We agree with him in part and reverse and remand the case for reconsideration.

- ***The Facts***

The parties divorced after a seventeen-plus year marriage. The former husband is sixty years old, self-employed, uninsured, and has no retirement, savings, or pension. He has a high school education, poor credit, and relies on rental income from the marital home to cover his monthly expenses. The former wife is fifty-five, has a bachelor's degree, and works as a customer service manager.

The parties purchased the marital home during the marriage using marital funds. The former husband has been renting out the marital home since 2022–2023 and testified he uses the rental income to cover the mortgage and his expenses. The former wife does not receive rental income from the property.

The parties agreed the marital home had a mortgage of $397,066, including a deferred portion of $94,200, a hurricane window lien of $57,785, and a generator lien of $16,644. The former husband's appraiser valued the home at $1,185,000 as of November 5, 2024. The former wife's appraiser valued the home at $1,410,000 in June 2024.

The former wife's amended petition sought equitable distribution, alimony, attorney's fees, and asserted claims concerning the marital home, including a constructive trust, unjust enrichment, rescission or cancellation of deed, fraud in the inducement, and conversion. She did not seek partition or reference Chapter 64.

The former husband's counter-petition sought equitable distribution and did not seek partition or invoke Chapter 64. The Joint Pretrial Statement identified the disposition of the marital home, including a potential court-ordered sale, as a contested issue and the relief requested by the former wife. It did not reference partition or Chapter 64.

At the bench trial, the parties agreed the home was a marital asset. The former husband acknowledged that if the court determined the home to be marital, the trial court could either award the home or order it sold. The former husband proposed that he keep the home and pay the former wife a $61,393 equalization payment. He proposed to fund that payment by refinancing the home and through the rental income it generated, along with a lump-sum alimony alternative, if necessary.

The former wife requested the home be sold, and the proceeds be divided equally. The parties litigated whether the home should be retained or sold as part of equitable distribution. No witness, exhibit, or argument referenced Chapter 64 or partition.

In the final judgment, the trial court found both parties agreed the home was a marital asset. The trial court declined to determine the former wife's claims for fraud, conversion, unjust enrichment, or constructive trust. The trial court found the assets should be distributed equally. The trial court ordered the home listed for sale no later than January 5, 2025, directed the parties to agree on a realtor and listing price with fallback mechanisms, required acceptance of offers within ninety percent of the

2

asking price, and ordered monthly five percent price reductions if no offer was received.

The judgment set forth detailed procedures governing the sale of the home; it did not reference partition or Chapter 64. The final judgment did not assign a value to the marital home, did not assign responsibility for mortgage payments, taxes, insurance, or other carrying costs pending sale, and contained no justification for the rejection of the former husband's buyout request or why the house needed to be sold.

The trial court found that all debts were marital and ordered that all debts be paid from the proceeds of the sale. The trial court found the former wife owed the former husband an equalization payment of $3,662.50, to be paid from the sale proceeds.

The former husband moved for rehearing. He argued the court erred in: (1) ordering the partition or sale of the marital home; (2) not including who is responsible for mortgage payments, taxes, insurance, and other costs associated with the marital home; and (3) determining that the former husband did not establish a need greater than the former wife for attorney's fees.

The trial court granted rehearing on the partition issue only. At the rehearing, the trial court stated: "I just assumed a partition was filed, and then I realized afterwards it wasn't." Despite this, the trial court declined to vacate the final judgment, finding instead that the sale of the home was tried by consent based on the parties' pretrial and trial discussions.

From the dissolution judgment and the orders on the motions for rehearing, the former husband now appeals.

- ***The Analysis***[1]

The former husband argues the trial court reversibly erred when it failed to assign a value to the marital home as required by section 61.075(3), Florida Statutes (2024). He argues the omission prevents meaningful appellate review because the home was a significant marital asset and the trial court distributed it without first placing a value on it.

---

[1] The former wife first argues the former husband failed to preserve the issues raised because they appeared for the first time in his motion for rehearing. The former husband responds that the alleged errors appeared for the first time on the face of the final judgment and thus his motion for rehearing properly preserved them. We agree with the former husband.

The former wife responds that although the trial court did not include a valuation, any error was harmless because the record permits meaningful appellate review of the equitable distribution scheme.

A trial court's equitable distribution of assets is reviewed for abuse of discretion. *Mathers v. Brown*, 21 So. 3d 834, 837 (Fla. 4th DCA 2009). To the extent the issue presents a pure question of law, de novo review applies. *Id.* A trial court's failure to make the findings required by section 61.075(3) is an abuse of discretion. *Douglas v. Douglas*, 363 So. 3d 157, 160 (Fla. 4th DCA 2023).

o *Failure to Assess Marital Home's Value*

Section 61.075(3) requires that, in a contested dissolution, any distribution of marital assets and liabilities be supported by factual findings in the judgment. Among other things, those findings must include the identification of marital assets and "the individual valuation of significant assets." § 61.075(3)(b), Fla. Stat. (2024).

We have consistently held that the failure to assign a value to a significant marital asset constitutes error. *See Wertkin v. Wertkin*, 763 So. 2d 461, 464 (Fla. 4th DCA 2000) (finding error when the marital home was ordered sold and proceeds divided equally without valuation); *Patino v. Patino*, 122 So. 3d 961, 963 (Fla. 4th DCA 2013) (finding error when marital assets and liabilities were distributed without any valuation). Here, the trial court did not place a value on the marital home before ordering its sale and distribution. In failing to do so, the trial court erred.

The purpose of the factual findings under section 61.075(3) is to facilitate meaningful review of the trial court's property distribution scheme. *Patino*, 122 So. 3d at 963. If a reviewing court is nonetheless able to review the trial court's redistribution scheme, the error is harmless. *Compare Douglas*, 363 So. 3d at 160 ("the error is not harmless because the lack of findings . . . prohibit this Court from conducting meaningful appellate review") *with Vaughn v. Vaughn*, 714 So. 2d 632, 634 (Fla. 1st DCA 1998) (concluding that trial court's failure to make specific findings of fact was harmless error where the reason for the unequal distribution of the parties' debt was readily apparent from the record).

Here, we find the trial court's failure to assign a specific value to the home does not frustrate our review. The record shows that all other marital assets and liabilities were assigned values, and the equitable distribution chart the trial court adopted shows that each party was left with equal shares of the marital estate. The only unknown figure is the

marital home's value. But that omission does not preclude our review because the judgment directs the home to be sold and the proceeds divided equally. As a result, each party will receive fifty percent of the proceeds from the sale.

Were this the only trial court error, we would find it harmless and affirm. But the final judgment contains additional errors.

- o *Failure to Account for Mortgage, Tax, Insurance, and Other Expenses*

The former husband next argues the trial court erred when it ordered the marital home sold but failed to identify who was responsible for the mortgage, taxes, insurance, and other carrying costs pending the sale. He argues the judgment leaves unresolved questions and creates practical problems like those in *Matteis v. Matteis*, 82 So. 3d 1048 (Fla. 4th DCA 2011). The former wife responds that the issue is unpreserved. Alternatively, the former wife argues the final judgment adequately addressed the issue.

A trial court's equitable distribution rulings are reviewed for abuse of discretion. *See Sager v. Sager*, 291 So. 3d 965, 968 (Fla. 4th DCA 2020).

The former husband argues that because the final judgment fails to allocate responsibility for the mortgage, taxes, insurance, and other costs associated with the property during the period before sale, the judgment must be reversed. *See Matteis*, 82 So. 3d at 1049. We agree that *Matteis* is on point.

There, we stated:

> With respect to the marital residence, the final judgment provides: "The parties shall cooperate to market the marital home for a sale. They shall equally divide any proceeds of sale and shall equally be responsible for any debt arising from the sale." The former husband argues that the final judgment failed to address various issues surrounding the marital residence, including: (i) who would be responsible for the late homeowner's association fees; (ii) who would be responsible for paying the principal, interest, taxes, and insurance pending the sale to keep the home from being foreclosed on by the bank; and (iii) what will happen if the house is not sold.

5

> We agree that there are many unanswered questions regarding the disposition of the marital residence, which are apparent on the face of the final judgment. Accordingly, we remand for clarification of the issues concerning the payment of expenses of the marital residence pending its sale . . . .

*Id.* at 1048–49 (citing *Schumaker v. Schumaker*, 931 So. 2d 271, 276 (Fla. 5th DCA 2006)).

Here, the final judgment directs the home be listed and sold, and that the debts associated with the home be paid from the proceeds. But the judgment does not address who is responsible for the mortgage payments, taxes, insurance, maintenance, utilities, HOA dues, if any, or other carrying costs while the property remains on the market. Those costs will continue to accrue before any sale takes place. The judgment, therefore, leaves unresolved the very questions *Matteis* identified as requiring reversal and clarification.

 o *Mandating the Sale of the Marital Home*

The former husband next argues the trial court erred by ordering the marital home sold without making written findings explaining why the former husband's request to keep the home and pay the former wife an equalization payment was rejected. The former wife responds that any deficiency in factual findings was harmless because the reason is apparent from the record, i.e., the former husband could not afford the alternative buyout.

A trial court's equitable distribution rulings are reviewed for abuse of discretion. *Sager*, 291 So. 3d at 968. A trial court's failure to make the specific written findings required by section 61.075(3), is an abuse of discretion. *Douglas*, 363 So. 3d at 160.

Section 61.075(3) requires specific written findings sufficient to explain the trial court's distribution of marital assets and liabilities. Those findings must be sufficient to advise the parties and the reviewing court of the basis for the distribution. *See Douglas*, 363 So. 3d at 160–61.

Here, the former husband proposed keeping the home and satisfying the former wife's share through an equalization payment. The former husband testified that he wanted to keep the home, that it generated rental income, and that he believed he could refinance the home to fund the

former wife's share.[2]  The former wife requested the home be sold with an equal division of the net proceeds.  The trial court accepted the former wife's request and ordered the home sold.  But the final judgment does not explain why the former husband's requested buyout was rejected.  The lack of written justification also requires us to reverse and remand the case.

   o *Ordering the Partition Sale*

The former husband next argues the trial court erred by ordering what he characterizes as a partition sale, even though neither party pled partition, and the Joint Pretrial Statement did not reference Chapter 64.  He argues the judgment granted relief on an unpled claim, violating his due process rights.

The former wife responds the trial court properly ordered the marital home sold as part of equitable distribution under section 61.075, not a partition sale under Chapter 64.  She further argues that any error was invited because the former husband expressly stipulated and consented to the trial court's authority to sell the home as a marital asset.

Whether a judgment is void is a question of law reviewed de novo.  *Nat'l Loan Acquisitions Co. v. Tabernacle Christian Ctr. Ministries, Inc.*, 402 So. 3d 1028, 1033–34 (Fla. 4th DCA 2024) (citation modified).  Whether a trial court awarded relief on an unpled claim in violation of due process, and whether an error is fundamental, are likewise reviewed de novo.  *Id.*

The former husband's argument on this issue is flawed because it rests on an incorrect premise.  The final judgment did not order a Chapter 64 partition sale.  Rather, it ordered the home sold as part of the equitable distribution scheme under section 61.075.  We therefore affirm this issue without further comment.

For the foregoing reasons, we reverse and remand the case to the trial court to determine the value of the marital home, account for the mortgage, taxes, insurance, and other carrying expenses on the marital home, and reconsider its decision to mandate the sale of the home either

---

[2] Indeed, the record supports the former husband's ability to refinance the home and use rental income to fund the former wife's equalization payment, not his inability to pay.  And the trial court indicated that it found the former husband's testimony concerning his limited assets was not credible.

by providing for a reasonable alternative or explaining why the sale is necessary.

*Reversed and remanded.*

GROSS and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely-filed motion for rehearing.***